RICE v. ROBERTS, Judge, et al.    (No. 5561.)

(Court of Civil Appeals of Texas.    Austin.
May 12, 1915.    Rehearing Denied
June 2, 1915.)

1. CONSTITUTIONAL LAW ⚖➡213, 254—COURTS
⚖➡57—OFFICERS — STENOGRAPHERS — ACT
CREATING OFFICE.

Act March 31, 1911, providing for the appointment of official stenographers for district and county courts, does not violate Const. Tex. art. 1, § 3, guaranteeing equal protection of the law, or Const. U. S. Amend. 14, and Const. Tex. art. 1, § 19, providing that no person shall be deprived of his property without due process of law, although certain sections provide that in cases of appeals by paupers such stenographers must perform services in furnishing transcripts without compensation, since where an office is created it is clearly within the right of the Legislature to prescribe the compensation of the incumbent, even by fees, and to require the performance of additional services without additional compensation; the acceptance of an office amounting to acceptance of its conditions under the statute creating it.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 735; Dec. Dig. ⚖➡213, 254; Courts, Cent. Dig. §§ 198–200; Dec. Dig. ⚖➡57.]

2. COURTS ⚖➡57—OFFICERS—STENOGRAPHERS
— PAUPERS' APPEALS — PREPARATION, OF
TRANSCRIPT—STATUTE.

Under Acts 32d Leg. c. 119, providing for the appointment of official stenographers for district and county courts, section 5 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1924) providing for the transcription of testimony and other proceedings by such stenographers, and section 8 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1925, 2071) providing that in any civil case where the appellant makes the proof required to appeal without bond and files affidavit to that effect, the court shall order the stenographer to make a transcript, as provided in section 5, and deliver the same to such appellant free of charge, it is the duty of such a stenographer, when requested to do so by one who has filed a pauper's oath and fully complied with the statute authorizing him to appeal without bond, to prepare and file the transcript referred to in section 5.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 198–200; Dec. Dig. ⚖➡57.]

3. MANDAMUS ⚖➡57 — STENOGRAPHERS — PAUPERS' APPEALS—STATUTE REQUIRING PREPARATION OF TRANSCRIPT.

Acts 32d Leg. c. 119, providing for the appointment of official stenographers, and that the court in cases of paupers' appeals shall order such a stenographer to prepare a transcript free of charge, is a mandatory provision enacted for the benefit of the party appealing, requiring the performance of a ministerial act by the court, which may be enforced by mandamus.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 68, 114–120; Dec. Dig. ⚖➡57.]

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. COURTS ☞207—COURT OF CIVIL APPEALS —JURISDICTION—MANDAMUS.**

Under Rev. St. 1911, art. 1592, conferring upon the Court of Civil Appeals the power to issue writs of mandamus to enforce its jurisdiction, such court has power to issue such writ to compel the official stenographer of a district or county court to prepare a transcript free of charge in connection with a pauper appeal, as required by Acts 32d Leg. c. 119.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 758; Dec. Dig. ☞207.]

**5. COURTS ☞57—STENOGRAPHERS—PAUPERS' APPEALS—PREPARATION OF TRANSCRIPT.**

The fact that any appellant may prepare a statement of facts himself, independent of the stenographer's notes and transcript, does not preclude a pauper appellant from procuring an order to such stenographer to prepare a transcript free of charge as required by Acts 32d Leg. c. 119.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 198–200; Dec. Dig. ☞57.]

Mandamus, on the relation of Emmitt Rice, against F. S. Roberts, Judge, and Theo. G. Eisenlohr, stenographer. Judgment for the relator.

S. R. Graves and Monroe & Richards, all of Lockhart, for relator. Frank S. Roberts and Theo. G. Eisenlohr, both of Lockhart, for respondents.

KEY, C. J. This is an original proceeding in this court, instituted by Emmitt Rice, as relator, against F. S. Roberts, judge of the Twenty-Second judicial district, and Theo. G. Eisenlohr, official court stenographer for the same district, as respondents. Omitting formal parts, the petition charges that on the 10th day of April, 1915, at a regular term of the district court of Caldwell county, of which court the respondents were judge and official stenographer, respectively, a certain cause, entitled William Schertz v. Emmitt Rice, relator herein, was ·tried, and judgment rendered in favor of Schertz and against relator, Rice; that in due time relator filed and presented a motion for new trial, which was overruled on the 17th day of April, 1915, at which time relator in open court excepted and gave notice of appeal to this court; that thereafter, on the same day, relator filed his affidavit of inability to pay the costs of appeal or give security therefor, which affidavit was contested by William Schertz, the plaintiff in the cause, and by Theo. G. Eisenlohr, the official stenographer, and that respondent F. S. Roberts after hearing said contest, held and decided that the affidavit referred to was sufficient, correct, and true, and that relator, Emmitt Rice, could not pay the costs of appeal or any portion thereof, and could not give bond to secure same, wherefore it was ordered by the court that said contests be overruled, and that relator, Emmitt Rice, be allowed to appeal on his affidavit without giving a cost bond, and the clerk of the district court of Caldwell county was directed to prepare a transcript of the record, as required in other appealed cases; that thereafter, and on the same day, relator made request of respondent Roberts, judge of said court, that respondent Eisenlohr be required to transcribe the testimony and other proceedings recorded by him in said cause as official stenographer during the trial of the case, which motion or request was refused by respondent Roberts, and that said Eisenlohr has' refused and still refuses to transcribe the testimony and proceedings in said cause, or any part thereof, in question and answer form, and file the same with the clerk of the district court of Caldwell county, unless relator pays for the same or gives security therefor, without an order made by respondent Roberts, judge of said court, requiring and compelling him to so transcribe said record. It is also alleged that relator is unable to prepare an accurate statement of facts and bills of exception in said cause from memory and independent of the stenographic notes of such official stenographer, because of the great length of the record, consisting of various documents, the oral testimony of nine witnesses, various admissions on the part of the plaintiff, and various bills of exceptions. It is also alleged that the attorneys for the plaintiff in the case referred to have notified relator that they are constitutionally opposed to any agreements in the cause, and therefore there is no probability of the parties agreeing upon a statement of facts or bills of exception prepared by relator independent of the stenographic notes of the official stenographer; that a statement of facts and bills of exception are essential on an appeal of said cause, and that, unless respondent Eisenlohr, official court stenographer, be required to transcribe the testimony and other proceedings recorded by him in said case, as provided by law, relator will be deprived of a statement of facts and bills of exception in said cause, and his said appeal will thereby be defeated. The petition is sworn to by relator. Upon the foregoing facts relator prays this court to issue a writ of mandamus, the effect of which would be to compel respondent Eisenlohr to transcribe the testimony and other proceedings recorded by him during the trial of the case referred to, and file the same with the district clerk of Caldwell county.

Respondent Eisenlohr has filed an answer, which does not deny the material facts stated in relator's petition, but asserts that the relief asked should not be granted (1) because relator is attempting to compel him to prepare a statement of facts in the cause referred to, while the law permits relator to prepare and present to opposing counsel and the trial judge a statement of facts independent of and without reference to anything that may have been done or filed by the stenographer who reported the case; and (2) that if relator bases his right to compel

him to transcribe his stenographic notes upon any statute of this state, such statute is void, because it is violative of section 3, art. 1, of the Constitution of this state guaranteeing equal protection of the law, and in contravention of the fourteenth amendment to the Constitution of the United States and of section 19, art. 1, of the Constitution of this state, in that it would destroy respondent's vested right and confiscate his property and his services without due process of law, and compel him to perform a service without compensation. Judge Roberts has adopted the answer of his corespondent, and adds that he believes to require official stenographers to perform such services without compensation will work a great hardship and injustice upon them, and will impair their usefulness to the courts, contrary to the spirit of the law providing for such stenographers.

[1] Taking up these propositions in the reverse order in which they are stated, we begin by expressing our surprise to find the stenographer assailing the constitutionality of the statute which creates the office he holds, and which alone entitles him to the salary and fees which he receives through and under that statute. That portion of the statute which requires the stenographer, in certain contingencies, to perform certain services without compensation other than his salary, is such a material part of the law that, if it should be declared unconstitutional, then the entire act would suffer the same fate, and respondent Eisenlohr, while escaping the performance of the duties which relator seeks to compel him to perform in this proceeding, would be relegated to private life, and might be compelled to refund the compensation he has already received from the several counties in the Twenty-Second judicial district. However, this court declines to aid him in his unintentional effort to commit official suicide, for the reason that the constitutionality of the statute is so far removed from doubt that the learned counsel who made an oral argument in behalf of respondents did not contend that it was unconstitutional. When the government creates an office, it is clearly within its power and right to prescribe how much, if any, compensation those who fill such office shall receive; and even when the compensation consists of fees only, yet the power which creates the office can require the performance of additional service without additional compensation.

[2] Taking up the other objection, we deem it proper to say that relator is not attempting to compel the stenographer to prepare a statement of facts in narrative form, but is merely asking that he be compelled to transcribe the shorthand notes made by him during the trial of the case, and file the same with the district clerk, as required by law. This brings us, then, to a consideration of the law bearing upon the case, and that law is embodied in the act of the Thirty-Second Legislature, approved March 31, 1911, entitled "An act providing for the appointment of official stenographers for district and county courts," etc. The pertinent sections of that act read as follows:

"Sec. 5. In case an appeal is perfected from the judgment rendered in any case, the official shorthand reporter shall transcribe the testimony and other proceedings recorded by him in said case in the form of questions and answers, certifying that such transcript is true and correct, and shall file the same in the office of the clerk of the court within such reasonable time as may be fixed by written order of the court. Said transcript shall be made in duplicate; for which said transcript the official shorthand reporter shall be paid the sum of fifteen cents per folio of one hundred words for the original copy and no charge shall be made for the duplicate copy, said transcript to be paid for by the party ordering the same on delivery, and the amount so paid shall be taxed as costs."

"Sec. 8. The official shorthand reporter shall receive a per diem compensation of five dollars for each and every day he shall be in attendance upon the court for which he is appointed, in addition to the compensation for transcript fees as provided for in this act, said compensation shall be paid monthly by the commissioners court of the county in which the court sits, out of the general fund of the county, upon the certificate of the district judge: Provided, however, in districts of two or more counties the official shorthand reporter shall receive a salary of $1,500.00 per annum, in addition to the compensation for transcript fees as provided for in this act to be paid monthly by the counties of the district in proportion to the number of weeks provided by law for holding court in the respective counties. Provided that in a district wherein in any county in the district the term may continue until the business is disposed of, each county shall pay in proportion to the time court is actually held in such county: Provided, that when any criminal case is appealed and the defendant is not able to pay for a transcript as provided for in section 5 of this act, or to give security therefor, he may make affidavit of such fact, and upon the making and filing of such affidavit, the court shall order the stenographer to make such transcript in duplicate, and deliver them as herein provided in civil cases, but the stenographer shall receive no pay for same: Provided, that should any such affidavit so made by such defendant be false he shall be prosecuted and punished as is now provided by law for making false affidavits. In any civil case where the appellant or plaintiff in error has made the proof required to appeal his case without bond, such appellant or plaintiff in error may make affidavit of such fact, and upon the making and filing of such affidavit, the court shall order the stenographer to make a transcript as provided in section 5 of this act, and deliver same as herein provided in other cases, but the stenographer shall receive no pay for same: Provided that should any such affidavit so made by such appellant or plaintiff in error be false he shall be prosecuted and punished as is now provided by law for making false affidavits."

It will be noted that it is provided in section 5 that when an appeal is perfected from a judgment rendered in any case the official shorthand reporter shall transcribe the testimony, etc. It is true, the latter part of that section provides compensation and prescribes the amount thereof to be paid to the stenographer for performing the duties there required, and if that was the only law on the subject a stenographer would be clearly within his rights when he refuses to perform such

services without compensation; but that section is modified by section 8, which declares that, when an appellant or plaintiff in error has made sufficient proof of his inability to give an appeal bond, the court shall order the stenographer to make a transcript as provided in section 5, for which he shall receive no pay. While it may not be expressly so declared, we think it is manifest that in enacting that portion of section 8 the Legislature intended that when an appellant or plaintiff in error files a pauper's oath and fully complies with the provisions of the statute authorizing him to appeal without bond, it then becomes the duty of the stenographer, when requested so to do, to prepare and file the transcript referred to in section 5.

[3] We are also of opinion that the provision of section 8 making it the duty of the judge, in the circumstances referred to, to make an order requiring the stenographer to file such transcript, was not enacted for the protection of the stenographer, but for the benefit of the party appealing, in order that he might have a speedy remedy to compel an unwilling stenographer to perform the duties therein prescribed.

We are further of opinion that the provision referred to requiring the judge to make the order is mandatory, that the making of such order is a ministerial act, and that this court has the power to compel a judge to make such order. However, in this case we deem it unnecessary to exercise that power, because the stenographer is a party to this proceeding; and instead of pursuing the indirect method of requiring the district judge to make an order compelling the stenographer to transcribe his notes, we prefer to pursue the more direct method and make that order ourselves.

As to the objection made by both the respondents that it will be a hardship, and might interfere with other official duties, to require the stenographer to perform the duties sought to be compelled in this case without being compensated therefor, we deem it sufficient to say that the matters referred to are utterly immaterial. The right of those affected thereby to have an officer perform his official duties is not dependent upon the hardship that the performance of such duties may involve; and the right of the relator in this case to have the stenographer perform his official duties is equal to similar rights of any other litigant in any other case. Besides, it is quite a mistake to say that the stenographer will receive no compensation for performing the services referred to. Such a contention overlooks the fact that he is paid a salary of $1,500 per annum (besides the fees he is permitted to collect from litigants) which, no doubt, was intended by the Legislature to compensate him for the performance of such services as are here involved, and for all others, if any, for which he may not receive additional compensation. But, as said before, the office held by re-

spondent Eisenlohr was created by the Legislature, and that body had the power to prescribe the duties of that office, and any one who accepts office under the statute creating the office is bound by all of its terms, and he must bear the burdens as well as reap the benefits prescribed by that statute. When unable to pay or secure costs, litigants have long been permitted in this state to enter all the courts without paying or securing costs which accrue to clerks and other officers; and in this very case, after relator had made satisfactory proof of his inability to pay costs or give an appeal bond, the trial judge made an order requiring the clerk to prepare a transcript for appeal, and declined to make a similar order requiring the stenographer to transcribe his notes, although the statute, in peremptory language, made it his duty so to do. It is probably as much hardship upon the clerk of the court to prepare a transcript for appeal without specific compensation therefor as it is for a stenographer to transcribe his shorthand notes without such compensation; and why the judge saw proper to require the one, and refuse to require the other, to perform a plain statutory duty, we are unable to perceive. However, that is immaterial, for, if he had made the same order as to the clerk that he did as to the stenographer, our disposition of this proceeding would be the same.

[4, 5] The statute of this state (article 1592, R. S.) confers upon this court the power to issue writs of mandamus for the purpose of enforcing its jurisdiction; and in order to properly exercise jurisdiction it is necessary that a proper record should be brought up and presented to this court. Even without the statute, it may be that this court has the inherent power to compel all other officers to perform such duties as are necessary in order to bring to this court a proper record; but, be that as it may, under the statute referred to we have the power to issue the writ of mandamus to compel respondent Eisenlohr to perform the duties required of him by law for the purpose of enabling the relator to properly present the record of his case in this court. Nor is it any answer for the stenographer to say (which we grant as true) that any appellant has the right to prepare a statement of facts independent of the stenographer's notes and transcript. While he has such right, he also has the right to have the benefit of the report of the case made by the official stenographer during the trial to aid him in making a statement of facts. Besides, in this case it is stated in relator's petition, and is not denied by either respondent, that it will be impossible to make a correct statement of facts without the aid of the stenographer's transcript of his notes.

Hence we decide this matter in favor of relator, and order that respondent Theo. G. Eisenlohr transcribe the testimony in the form of questions and answers, and transcribe the other proceedings recorded by him

in the case of William Schertz v. Emmitt Rice, No. 4232 on the docket of the district court of Caldwell county, tried during the month of April, 1915; that he certify that such transcript is true and correct, and file the same in the office of the clerk of the district court of Caldwell county, Tex., within 30 days from this date.

It is also ordered that the costs of this proceeding be taxed against respondents.