## YOUNG v. CHILTON.
### Motion No. 139.

Court of Civil Appeals of Texas. Eastland.
April 3, 1931.

Rehearing Denied May 15, 1931.

H. R. Bondies, of Sweetwater, for relator.

Jas. H. Beall, Jr., of Sweetwater, for respondent.

### PER CURIAM.

This is an original application for a mandamus to compel the respondent, who is the official court reporter for the Thirty-Second Judicial District, to prepare a narrative transcript of the evidence in duplicate which was introduced upon the trial of cause No. 2561 in the district court of Nolan county, styled Roy Young v. Kansas City Mexico & Orient Railway Company.

The record discloses that proper proof of relator's inability to pay or secure the costs of appeal has been made, and that this court has jurisdiction of the appeal. The only defense interposed by respondent which we find it necessary to mention is that the Act of the Forty-First Legislature, at its Fourth Called Session, being chapter 50, p. 91, of the General Laws of Texas, 1930, Fourth and Fifth Called Sessions (Vernon's Ann. Civ. St. art. 2278a), is unconstitutional, in that the caption of the act is deceptive and insufficient to give proper notice of the subjects of legislation embodied in the act. The act, together with its caption, is as follows:

"An Act providing for the obtaining of a statement of facts on appeal by a pauper and providing the compensation of the court reporter and providing an emergency.

"Be it enacted by the Legislature of the State of Texas:

"Section 1. In any civil case where the appellant or plaintiff in error has made the proof required to appeal his case without bond, such party shall make affidavit to such fact, and upon the making and filing of such affidavit the court shall order the official reporter to make a transcript in narrative form in duplicate, and to deliver the same to said party, but such court reporter shall receive no pay for same.

"Sec. 2. The fact that there is now no law providing a way by which a pauper may obtain a statement of facts in order to take an appeal creates an imperative public necessity, demanding that the Constitutional rule requiring bills to be read in each House on three several days be suspended, and the same is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

. The specific contention made is that the caption of the act gave notice that the compensation of the court reporter was provided therein, whereas the body of the act provides that "such court reporter shall receive no pay for same." It is claimed that section 35, art. 3, of the Constitution is violated in this particular.

We are inclined to the opinion that the legislation is not subject to the objection urged, since the caption gives notice that the subject of compensation is dealt with in the act, but do not find it necessary to pass upon that question for the reason that, should the specific provision that the reporter should receive no pay be stricken from the act, we should still have a valid special statute directing him to make a transcript in narrative form in duplicate, and to deliver the same to relator. By the express provision of the section and article of the Constitution above referred to, if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed. The striking from the act of the particular provision complained of would leave a valid statute, and, same being special in its nature, would control over the general statute regarding the compensation of court reporters. In other words, if the provision in question be stricken from the act, same would be construed to require the reporter to prepare the transcript of the evidence without compensation.

It is therefore our order that the writ of mandamus issue as prayed for, and that the costs of this proceeding be taxed against respondent.

### On Rehearing.

In his motion for rehearing respondent requests that we directly pass upon the question of the constitutionality of the legislation. In deference to this request we here hold that the legislation is not subject to the objection made thereto as to its constitutionality. The general subject of the act was the provision of the method of appeal by a pauper. Its purpose was not to provide the compensation for court reporters, but to provide effective means of appeal by one unable to pay costs or give security therefor. The caption furnished sufficient notice to the legislators that the subject of compensation was covered in the body of the act. That is all that is required.

If respondent's contention is correct, then the whole law creating the office of court reporter and providing for all of his compensation is likewise unconstitutional. The caption to chapter 119, Acts of the 32nd Legislature, 1911, is subject to the same vice as that urged here. In the case of Rice v. Roberts (Tex. Civ. App.) 177 S. W. 149, the constitutionality of that act, in so far as same required the court reporter to furnish a transcript of the testimony to a pauper without compensation, was questioned. The opinion of Chief Justice Key in that case might, with slight modifications, be applied to the contention here presented.

The motion will be overruled.