## MELANCON et al. v. FIRST NAT. BANK OF MISSION.

### No. 9433.

Court of Civil Appeals of Texas. San Antonio.

March 1, 1934.

Rehearing Denied March 1, 1934.

J. Q. Henry and B. H. Oxford, both of Mission, for appellants.

Hill & Greer, of Mission, for appellee.

SMITH, Justice.

In this case appellants filed in the court below their affidavit of inability to pay the costs of appeal, and prayed for an order allowing them to appeal upon said affidavit in lieu of bond. The affidavit was duly controverted by appellee, and upon a hearing the trial judge found that the "facts contained in the affidavit * * *. are untrue," and denied appellants' prayer for an appeal upon said affidavit. Appellants did not pursue their remedy of mandamus, but sought to appeal directly from the order denying appeal in forma pauperis.

The order upon which appellants base their appeal is not a final judgment within the statutes providing for appeal to this court. It is no more than an interlocutory order in limine.

The process of prosecuting appeals in forma pauperis is a purely statutory proceeding. Article 2266, as amended by the Acts of 1931, 42d Leg., p. 226, ch. 134, § 1 (Vernon's Ann. Civ. St. art. 2266), and article 2278a, as amended by the Acts of 1930, 41st Leg., 4th C. S., p. 91, ch. 50, § 1 (Vernon's Ann. Civ. St. art. 2278a). As no provision is made in the

statute for appeals from orders of trial courts denying appeals in such cases, none can be presumed or improvised by the courts.

■ The statutes prescribe the character of interlocutory orders from which appeals may be prosecuted. Articles 2250, 2251, R. S. 1925. The right of appeal is limited to those specified. This is elemental. The case presented here is not embraced among those prescribed, and the appeal does not lie.

Appellee's motion to dismiss was granted for the reasons stated.