## VAN BENTHUYSEN v. GENGLER,
### District Clerk.
### No. 10573.

Court of Civil Appeals of Texas. Galveston.

Dec. 23, 1936.

J. H. Phipps and Randolph Pierson, both of Galveston, for relator.

Ralph Crawford, of Galveston, for respondent.

GRAVES, Justice.

As presented here, this is an original application by Robert E. Van Benthuysen, as relator, against J. C. Gengler, in his capacity as district clerk of the Tenth district court, as respondent, seeking to be permitted to prosecute an alleged cause of action upon a motion filed by him in cause No. 51612, styled Enola I. Van Benthuysen v. Robert E. Van Benthuysen, now pending in that court, without payment of the costs thereof, or giving security therefor, upon this statement as the underlying basis for the application:

"In the District Court of Galveston, County, Texas, 10th Judicial District, a judgment of divorce was entered in favor of plaintiff, Enola I. Van Benthuysen, and against Robert E. Van Benthuysen. The decree entered by the Court, in addition to decreeing the bonds of matrimony between the parties to be dissolved, contained a further order providing for the support of the minor child of the parties, the custody of which was awarded to the plaintiff. This order read in part as follows:

" 'It is further ordered by the Court that the said defendant be and he is hereby ordered to pay to plaintiff the sum of Ten Dollars ($10.00) on the first and fifteenth of each calendar month for the support of said minor child.'

"Thereafter, Relator filed in the same cause and court his motion, setting out a

change of conditions since the entry of such judgment and praying the Court to revise it (1) with respect to the amount of the payments, and (2) also with respect to the visitation by Relator to the minor child; the motion filed by Relator alleging just and legal cause for reconsideration and revision. This motion was set by the Court for hearing on October 20, 1936; Relator being too poor at the time of the filing of such motion to pay the costs of court, or any part thereof, or to give security therefor, filed with this motion his affidavit of inability to pay costs, or his pauper's oath, signed and sworn to as required by article 2070 of the Revised Civil Statutes of the State of Texas. On the same day of the filing of such motion and the affidavit by Relator, Respondent, J. C. Gengler, Clerk of the District Court of Galveston County, Texas, filed his contest to the same, controverting the allegations thereof and demanding strict proof before Relator be permitted to prosecute his suit on such pauper's oath.

"On November 10, 1936, the contest in due order went to trial before the Court, and after a hearing thereon and the introduction of the affidavit and the sworn contest thereof, as well as evidence and argument of counsel, the Court entered its order thereon, overruling the affidavit and requiring the Relator to pay the costs of the action, or to give security therefor.

■ "The only evidence was the testimony of Relator to the effect: That he did not own any property in Galveston or elsewhere, either real or personal, that the only things owned by him were the tools with which he pursued his occupation, being that of a mechanic at Dow & Co.; that he has not saved any money and that all of his income was required to pay his board and to assist in the maintenance of his mother and father, as well as to provide his contributions for his child's support as ordered by the court, and that he did not have any money with which to make payment of costs; and that of E. T. Holman, Deputy District Clerk, who testified that he knew of no property owned or held by Relator, nor of any facts contrary to those testified to by Relator."

In support of the application to this court for the writ, in substance the same pleadings by the respective parties, as well as the identical evidence, that were so before the district court, have likewise been also filed and presented here.

On consideration of the matter, this court orders the writ to be issued as prayed for, the undisputed evidence—to say nothing of the prima facie truth of the facts set up in relator's affidavit in the absence of any testimony to the contrary —showed him to be a pauper within the meaning of the statute invoked, hence clearly entitled to prosecute his alleged cause without the payment of costs or the giving of any security therefor, under these authorities: R.S. art. 2070; Harwell v. Southern Furniture Co. (Tex.Civ. App.) 75 S.W. 888; Kruegel v. Johnson (Tex.Civ.App.) 93 S.W. 483; Meyer v. Weber (Tex.Civ.App.) 40 S.W. 627; Pendley v. Berry, 95 Tex. 72, 65 S.W. 32; Murray v. Robuck (Tex.Civ.App.) 89 S.W. 781; Boone v. McBee (Tex.Civ. App.) 280 S.W. 295; Melancon v. First National Bank (Tex.Civ.App.) 68 S.W. (2d) 538; Thoms v. Eskew (Tex.Civ. App.) 81 S.W.(2d) 713.

Indeed, with the record in this state without contradiction by him, the respondent merely replies with the following:

■ "The relator has an adequate and direct remedy at law whereby he can obtain the same relief sought by this application for a Writ of Mandamus, said relief being as follows: the relator who has been ordered by the 10th Judicial District Court to pay a stipulated sum per week for the support of his children could be charged with being in contempt of said 10th Judicial District Court, if and in the event he should fail or refuse to pay, regardless of what the reason of his failure or refusal to pay might be. Charges of contempt would be brought against said relator in said 10th Judicial District Court and a hearing would be ordered. At such hearing the relator herein could, in the 10th District Court and in the cause now pending in said District Court present, urge and argue each and every defense that he would be entitled to present, urge and argue should this court grant this Writ of Mandamus and require the clerk to issue citation for hearing in said cause now pending in the 10th District Court."

Obviously, this rather novel suggestion presents no such plain, accurate, certain, speedy, and adequate remedy at law as would defeat the relator's otherwise clear

right to the mandamus sought. See 26 Texas Jurisprudence, 528, and authorities there cited.

To say nothing of the wholly contingent, uncertain, and fraught with almost certain delay character of this suggested procedure, the very statement of it involves an admission inhering to the effect that, by resorting thereto, the relator would thereby be submitting himself to the pains and penalties of a contempt of court—the very thing he seeks to avoid by asking at the court's hands the relief his motion declared upon.

Without further discussion, the writ of mandamus will issue against the respondent in all respects as prayed for.

Mandamus granted.