**AGUIRRE v. HANNEY, District Judge, et al.**

No. 10670.

Court of Civil Appeals of Texas. Galveston.

July 15, 1937.

Rehearing Denied July 29, 1937.

918

Dick Young, of Houston, for relator.

Fulbright, Crooker & Freeman and C. A. Leddy, all of Houston, for respondents.

GRAVES, Justice.

As presented here, this is an original application by Robert E. Aguirre, as relator, against Allen B. Hannay, the judge of the 113th district court, and the district clerk of Harris county, as respondents, seeking to be permitted to prosecute an alleged cause of action in a suit filed by him and now pending upon the docket of such 113th district court—being No. 237643, styled Robert E. Aguirre v. Union Health & Accident Insurance Company—without payment of the costs thereof, or giving security therefor, upon his application and affidavit for such permission duly filed in such court and presented to such officials, in all respects as required by R.S. art. 2070.

There accompanies the application to this court for the writ this agreed statement of facts adduced at the hearing had upon the matter below:

"Agreed Statement of Facts:

"It is agreed by and between Dick Young, attorney for plaintiff in the above entitled and numbered cause, and J. W. Mills, District Clerk of Harris County, Texas, acting by and through his duly qualified and acting Deputy Clerk, that the following are the facts adduced at a hearing on an affidavit of inability to pay costs filed by the plaintiff in this cause.

"Plaintiff testified that he was a resident of Houston, Harris County, Texas; that he was the head of a family composed of himself and four minor children; that he has heretofore been employed as a brickmason; that his work has been irregular, and that the day prior to the hearing of this affidavit, he had worked but two hours.

"Plaintiff further testified that the month previous to the date of the hearing on this affidavit, he had worked but twelve days; that the largest wages he had earned was six dollars a day.

"Plaintiff further testified that he was buying a Model A Ford automobile and that the weekly payments on said car amounted to $2.50.

"Plaintiff further testified that he had no real or personal property which could be pledged as security for costs in the suit which he had filed; that he had interviewed various friends for the purpose of procuring their signature on a cost bond; that his friends were in the same financial condition as he was; that he had no property or other thing of value which could be pledged or put up for security for costs.

"Plaintiff further testified that he was now without funds; that he was unable to borrow any money; that he rented the house in which he now lives, and that the whole amount of his wages were necessary to provide for his family; that his wife had recently undergone an operation and that the expense incident to the operation necessitated his expending whatever monies he had and was able to borrow for the purpose of paying the expense of her operation.

"Contestant, J. W. Mills, acting by and through his qualified Deputy Clerk, introduced no testimony controverting the testimony which was submitted in behalf of plaintiff. Said Clerk at the time of the hearing offered to accept the sum of $10.00, as a nominal deposit, for partial payment of said cost.

"The parties hereby agree that the instruments attached hereto as 'Exhibits' are true copies of the original instruments as filed in said cause, and may be considered for all purposes the same as if the original instruments were filed, upon a hearing hereof.

"J. W. Mills,
"By: A. J. Schweikart,
"Deputy District Clerk.
"Dick Young,
"Attorney for Plaintiff.

"Approved on this 8th day of June, A.D. 1937.

"Allen B. Hannay, Judge 113th Judicial District Court, Harris County, Texas."

The respondents in this court have made no reply here to the application; after duly considering it, this court concludes that the case as so presented constitutes, in material substance, a counterpart of Van Benthuysen v. Gengler, 100 S.W.(2d) 116, heretofore decided by this court, on both its facts and the law applicable thereto; upon the authority of that decision, without further discussion, the application will be granted and the writ issued.

Mandamus awarded.