

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. H. L. Washburn
County Auditor
Harris County
Houston, Texas

Dear Sir:

> Opinion No. O-2976-A
> Re: Reconsideration of opinion
> No. O-2976 concerning the
> authority of Harris County
> to pay the official shorthand
> reporter for the 113th District
> Court during the period beginning
> with the acceptance of the resigna-
> tion of the judge of that court and
> the qualification of his successor.

We have your letter of October 7, 1942, requesting a reconsideration of our opinion No. O-2976, and the enclosed copy of the tentative opinion of the Assistant District Attorney of Harris County dated October 2, 1942, and a supplemental opinion dated October 3, 1942, regarding the matter under consideration. We thank you for the copies of the above mentioned opinion to the Assistant District Attorney.

We have carefully reconsidered our opinion No. O-2976 in connection with the opinion of the Assistant District Attorney, above mentioned, and the authorities cited therein and conclude that said opinion is correct.

We do not believe that the authorities cited in the opinion of the Assistant District Attorney are decisive of the question involved.

Article 2321, Vernon's Annotated Civil Statutes, contains the following provisions:

Hon. H. L. Washburn, page 2

> "Each district and criminal district judge shall appoint an official court reporter who shall be a sworn officer of the court and shall hold his office during the pleasure of the court. . . ."

It is stated in Corpus Juris, Vol. 60, page 22, "Under some statutes court stenographers hold office during the pleasure of the court." (Citing the cases of Robertson v. Ellis County, 84 S.W. 1097, and State v. Edwards, 93 P. 720)

It is further stated in Corpus Juris, Vol. 60, page 23:

> "The death of the judge who appointed an official stenographer does not ipso facto terminate his employment. However, under a statute authorizing certain judges to appoint stenographers to hold office during the term of the judge, it has been held that, where the judge resigns without filling his full term, the stenographer's term of office ends."

Construing Section 30 of Article 16 of the State Constitution, in the case of Robertson v. Ellis County, supra, referring to the official court reporter or stenographer, it was held, among other things:

> "No act which he is authorized to do is independent of the control of others, or vested in him as a supreme power to be exercised as a right or prerogative of a judicial office. We conclude that while the position of a stenographer, under the statutes in this state may be, in a sense, an office, and the term thereof may continue for a longer period than two years, yet there is no such sovereign function of government embraced in the powers conferred upon the individual performing its duties as would bring it within the meaning of the word 'office' as used in the section of the constitution quoted."

It has been held by the courts of this State that an official court reporter or stenographer is an officer in the sense that he may be compelled by mandamus to perform certain services. (See the case of Rice v. Roberts, 177 S.W. 149, and the authorities cited therein.)

Hon. H. L. Washburn, page 3


The Supreme Court of Missouri in the case of State ex inf. Major v. McKay, 155 S.W. 396, in construing a statute authorizing the appointment of official court reporters or stenographers and providing, "such stenographer shall be a sworn officer of the court and shall hold office during the term of the judge appointing him", held among other things that when a judge resigns, the stenographer's term of office terminates, and the judge elected to fill the vacancy may appoint a stenographer for his term. This case further holds, "Where a statutory or constitutional provision fixing or limiting the duration of an official term is ambiguous, that interpretation should be given it which limits the term to the shortest time.

In view of the foregoing it is our opinion that the commissioners' court would not be authorized to approve a claim for the salary of the court reporter for the period of time mentioned above. As stated in our former opinion you are further advised "that when Judge Allen E. Hannay ceased to be Judge of the 113th District Court the official court reporter theretofore appointed by him as official court reporter for said District Court also ceased to be such official court reporter." Therefore, we affirm our opinion No. 0-2976.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    *Ardell Williams*

Ardell Williams
Assistant

AW:AMM

APPROVED NOV 10, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE BY ___ CHAIRMAN