### WRIGHT v. PEURIFOY et al.
#### No. 14716.

Court of Civil Appeals of Texas. Dallas.
May 5, 1953.

Motions for Rehearing Denied June 26, 1953.
Second Motion for Rehearing Denied
July 17, 1953.

Edward C. Fritz, Dallas, for relator.

Mays & Lea, Alto B. Cervin, W. S. Barron, Jr., H. B. Houston, Sr., Ed. C. Stearns and R. D. Hardy, Dallas, for respondents.

## PER CURIAM.

This is an original application by E. Roy Wright for a writ of mandamus directed to Honorable Paul Peurifoy, Judge of the 95th District Court, Dallas County, Texas, for permission to prosecute an appeal by filing his affidavit of inability to pay costs as provided in Rule 355, Texas Rules of Civil Procedure.

Relator was plaintiff in a case against Paul R. Luther, Mrs. A. B. Luther, Citizens Service Co., Reserve Loan Service, V. L. Ware, E-Z Finance Co., Acme Company Loans, Texas State Finance Co., General Finance Loans, and W. Lee Moore, Jr., individually and as executor of the estate of W. Lee Moore, Sr. His cause of action was based on allegations of usury, personal injuries, both physical and mental, harassment, and exemplary damages. A trial before a jury resulted in a verdict for plaintiff of approximately $37,000. On motion for judgment the trial judge rendered judgment for only $7,800. Before a motion for new trial was acted upon, a change of judges took place, Hon. Paul Peurifoy ascending the bench on Jan. 1, 1953. The motion for new trial came on for hearing before Judge Peurifoy who overruled the motion, but reduced the amount of the judgment to $780.

Relator Wright, desiring to appeal from both the order of the court rendering judgment in his favor for only $7,800 and the order of the court reducing the judgment to $780, filed his affidavit of inability to pay costs. Relator's affidavit was contested and on April 7, 1953 Judge Peurifoy sustained the contest to the extent of ordering E. Roy Wright to pay $250 on the court costs.

■■ The uncontradicted testimony on the hearing on respondents' contest of inability to pay costs discloses the following: E. Roy Wright owns no property at all except his household goods consisting of five rooms of furniture against which there is a mortgage of $350; he also owes the following debts: To Dr. Burford $115, to Dr. Simmons $155, to the National Finance and Thrift Co. $300, to the United Credit Clothing Store $35, to the Hunt Department Store $50, to Cherry Grocery

Co. $60. The monthly expenses of the relator are shown to be the following: United Finance and Thrift Co. $40, Groceries $115 per month, United Clothing Store $15 per month, Stanford Furniture Co. $42 per month, Hunt Department Store $12 a month, rental of apartment $85 a month, utilities $15 a month, carfare to work and back $6 per month, expenditure for uniforms for work $10 a month, life and accident insurance $6 a month, and telephone $10 per month. Relator is supporting five persons in his household: himself, his wife, his daughter, and two grandchildren. Relator makes about $320 per month, based on an hourly wage. The testimony also shows that the relator has recently tried unsuccessfully to refinance the mortgage on his furniture. He has also tried unsuccessfully on two other occasions recently to place second mortgages against his furniture. In connection with costs of appeal, he also twice tried unsuccessfully to obtain security on a bond for costs in this case. Relator further testified that he does not know of any one who will go on a bond for him and that he has tried unsuccessfully to borrow money to pay the costs of appeal. The court reporter has estimated that the cost of a statement of facts will be $1,200. The record further shows that while the suit was pending in the trial court, relator made cash deposits on the court costs as follows: On May 15, 1951, $35; on August 12, 1951, $10; on January 3, 1952, $25; but that at the time of the hearing the total amount of cash in the possession of himself and his wife was $1.

After a careful consideration of the uncontradicted testimony offered at the hearing, we think the inescapable conclusion, supported by the overwhelming weight of the testimony, is that relator cannot raise the $250 cash deposit required of him by the court. He owns no property except his furniture, which is already mortgaged; he owes numerous debts; he has tried unsuccessfully to borrow additional money; at the time of the hearing he and his wife possessed a total sum of money in the amount of $1. Though he makes about $300 per month, his reasonably necessary expenses, under the circumstances present in his case, exceed that amount. It is true that while his case was pending he raised $35 cash at one time, $10 on another occasion, and $25 on still another to apply on the court costs. But these payments were made over a period of about seven months and offer no criterion of his ability to raise $250 now.

We are of the opinion that the application for a writ of mandamus should be granted as prayed for. Pinchback v. Hockless, 139 Tex. 536, 164 S.W.2d 19; Burleson v. Rawlins, Tex.Civ.App., 174 S.W.2d 979; Aguirre v. Hanney, Tex.Civ.App., 107 S.W.2d 917; Van Benthuysen v. Gengler, Tex.Civ.App., 100 S.W.2d 116. It is so ordered.

### On Motions for Rehearing

The Honorable Paul Peurifoy, Judge of the 95th District Court, one of the respondents, did not file a motion for rehearing. However, he did file a pleading informing us that he had entered an order overruling the contest to the affidavit and asking for further instructions.

Attached to Judge Peurifoy's pleading are affidavits of Mr. Solon Stanley, former official court reporter of the 95th District Court, who was reporter at the time the case herein was tried, and of Mr. Cecil J. Lowrance, now the official court reporter. Mr. Stanley's affidavit states that he is a stenotypist; that though he was the official court reporter at the time the case was tried, he personally did not take notes of the testimony; that this was done by his assistant, whom Mr. Stanley personally paid for his services. The data presented in the affidavit shows that it would be both burdensome and expensive for Mr. Stanley if he were required to prepare a statement of facts.

The affidavit of Mr. Lowrance, the present court reporter, states that Mr. Stanley's assistant used the stenotype system of shorthand, which Mr. Lowrance is not able to read; and having no notes of his own, he cannot prepare a statement of facts in this case.

Judge Peurifoy asks that we give him further instructions in the light of the circumstances presented by the affidavits of the two reporters.

We doubt that the question suggested by Judge Peurifoy is before us for determination, so we shall go no further than to comment on the situation before the trial court.

■ It has been held that a duly appointed special court reporter does not cease to be an officer of the court when his pay ceases. It is his duty thereafter to prepare a statement of facts for a plaintiff under an affidavit of inability to pay costs. If he refuses, he may be compelled to do so. Otto v. Wren, Tex.Civ. App., 184 S.W. 350; see also Rice v. Roberts, Tex.Civ.App., 177 S.W. 149.

■ It has also been held by our Supreme Court that it was proper for a former district judge, whose term had expired, to make and file findings of fact and conclusions of law in a case tried before him, although he was no longer judge of the court. This opinion was handed down before our present Art. 2248, R.C.S., went into effect, so it represents a conclusion reached independently of statutory authority. Storrie v. Shaw, 96 Tex. 618, 75 S.W. 20. Similar conclusions have been reached in cases involving sheriffs. 38 Tex.Jur. 440.

Respondents, with the exception of Hon. Paul Peurifoy, Judge of the 95th District Court, have filed motions for rehearing. Respondents Paul R. Luther and Mrs. A. B. Luther have also filed motions for oral argument on motions for rehearing.

After considering the motions for rehearing, we are of the opinion they should be overruled. For one thing, the record before us now shows that since we rendered our judgment granting the writ of mandamus, the Hon. Paul Peurifoy, Judge of the 95th District Court, has entered an order overruling the contest to plaintiff's affidavit of inability to pay costs. For all practical purposes, the matters raised in the motions for rehearing may therefore be considered as moot. The motions for oral argument and for rehearing are overruled.

## On Second Motion for Rehearing

Prior to our acting on the first motion for rehearing the Honorable Paul Peurifoy, Judge of the 95th District Court, informed us that soon after the delivery of our original opinion he entered an order overruling the contest to plaintiff's affidavit of inability to pay costs. As that was all that relator sought, we stated in our opinion on the first motion for rehearing that the matter raised in the application for mandamus might be considered moot.

We are now informed that since we overruled the first motion for rehearing Judge Peurifoy has vacated his order overruling the contest to plaintiff's affidavit of inability to pay costs. Judge Peurifoy apparently entered the order overruling the contest under the impression that the writ itself had actually been issued out of this Court, which it had not. In view of this development the matters raised in the application for mandamus are not moot.

■ Respondents in their second motion for rehearing say that relator's application for mandamus should be dismissed for want of necessary parties—the Court Reporter and the District Clerk being the missing necessary parties. In support of their contention respondents cite us the case of Caldwell v. Boyd, District Judge, Tex. Civ.App., 146 S.W.2d 296.

We do not disagree with the holding in the cited case. We are convinced, however, that it has no application whatever to the facts in the case now before us.

In the case of Caldwell v. Boyd, supra, the relator set out two different counts in his application for a writ of mandamus: He asked (1) that the respondent (the trial judge) be commanded to set aside his order sustaining the contest to the affidavit of inability to pay costs; and (2) that the trial judge also be required to direct the District Clerk and the Court Reporter respectively to prepare the transcript and statement of facts without charge. Under such circumstances we can understand that the District Clerk and the Court Reporter might be considered necessary parties by reason of the said second count.

238

The application now before us is quite different from the one considered by the Court in Caldwell v. Boyd, supra. In this case only the first count is included in the application. We are asked only to issue a writ to the District Judge requiring him to enter an order overruling the contest of respondents to relator's affidavit. We are not asked to go further, as was the Court of Civil Appeals in the cited case, by ordering the trial court to direct the District Clerk and Court Reporter to prepare the record. We doubt that they would even be proper parties unless the record showed that they had been asked to prepare the record and had refused to do so. Stark v. Dodd, Tex.Civ.App., 76 S.W.2d 865.

At the time we acted on the first motion for rehearing we had before us a request from Judge Peurifoy for additional instructions. We declined to give such additional instructions by saying that we doubted that the question suggested by his request was before us for determination and we would go no further than to comment.

The writ of mandamus we are granting in this case will direct that the trial court enter an order overruling the contest to relator's affidavit of inability to pay costs, and authorizing relator to appeal on his affidavit of inability to pay costs. We shall go no further, but shall leave it to the trial judge to comply with the law without further instructions from us so far as this application for mandamus is concerned.

Relator has filed an answer to respondents' second motion for rehearing. In this answer relator insists that the District Clerk and the Court Reporter are not necessary parties in this action, and cites authorities in support of his contention. However, in his answer relator, in the alternative, moves that the District Clerk and the Court Reporter be made parties. As we agree with relator that the two persons named are not necessary parties, we think that relator's motion to make them parties should be overruled.

Respondents' second motion for rehearing is overruled; relator's motion to make the District Clerk and the Court Reporter parties is also overruled.