

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 2, 1960

Mr. J. S. Grisham
Criminal District Attorney
Canton, Texas

Dear Mr. Grisham:

Opinion No. WW-929

Re: Duty of County Attorney, District Attorney and Criminal District Attorney in Condemnation Suits by the County or the State

We have received your letter in which you ask if it is the official duty of the County Attorney to represent the State and County in condemnation cases. You state that it is your understanding that as County and District Attorney, it is not your duty officially to represent the State and Van Zandt County in condemnation cases; that it is your understanding that the county may, if it sees fit, employ your services to represent the State and county in condemnation proceedings and pay a fee therefor.

In Opinion No. O-1040 dated July 7, 1939, it was held by this Department that a county attorney is not required to represent the county in condemnation proceedings and that the commissioners' court may contract with the county attorney to represent the county in such proceedings and compensate him as per contract.

Opinion No. O-1379 dated November 2, 1939 held that a county may employ an attorney for the purpose of instituting and prosecuting condemnation suits for rights of way and pay him compensation out of road bond funds; that such compensation should be a specific sum of money and not on a salary basis.

Opinion No. O-1164 dated January 13, 1940, modified the above Opinion No. O-1379 by holding that the compensation of an attorney employed for condemnation cases may be on a salary, fee, or other basis as may be determined by the commissioners' court.

In letter Opinion (R-960) dated December 3, 1947, it was held that the county may employ a law firm to represent the county in condemnation cases when the Assistant County Attorney is a member of said law firm and cited Opinion No. O-1040 as authority.

Opinion No. 0-1040 was again upheld in two letter opinions (R-957) dated December 4, 1947 and (R-2282) dated February 15, 1951.

The above opinions have been followed by our Department since the original Opinion No. 0-1040 and we cite those opinions as reasons for our holding as hereinafter set out. It must be noticed, however, that these opinions apply only to suits by a county to acquire property by condemnation even though the suit may be filed in the name of the State of Texas.

Since the above opinions were written, a new statute has been enacted pertaining to suits by the State Highway Commission in the name of the State for the purpose of condemning land for highway rights of way. This act is contained in House Bill 179, Chapter 300, Page 724, of the Acts of the Regular Session of the Fifty-fifth Legislature (1957) (Article 6674w V.A.C.S.). A portion of Section 4 of this Act (Article 6674w-3) reads as follows:

"In the prosecution of any condemnation suit brought by the State Highway Commission in the name of the State of Texas for the acquisition of property pursuant to the powers granted in this Act, the Attorney General, at the request of the State Highway Commission, or, at the Attorney General's direction, the applicable County or District Attorney or Criminal District Attorney, shall bring and prosecute the suit in the name of the State of Texas and the venue of any such suit shall be in the county in which the property or a part thereof is situated."

Under the above statute, it is clear that in condemnation suits, brought by the State Highway Commission in the name of the State of Texas for the acquisition of property for highway rights of way, if the Attorney General directs him to do so, the applicable County Attorney, District Attorney, or Criminal District Attorney of the County where the land to be condemned is located has the duty to bring and prosecute such suit.

It is to be noticed, however, that this Act does not provide for any compensation for the attorney for services in filing and prosecuting condemnation suits of the nature just mentioned. It is well settled that an officer may be required by law to perform specific services or discharge additional duties for which no compensation is provided; that the obligation to perform such services is imposed as an incident to the office and the officer by his acceptance thereof is deemed to have engaged to perform such duties without compensation. See Section 116 on "Public Officers" 34 Tex. Jur. 531; Rice v.

Roberts, 177 S.W. 149 (error dismissed); McCalla v. Rockdale, 246 S.W. 654 (Com. App.); and Hallman v. Campbell, 57 Tex. 54.

In answer to the questions propounded, you are advised it is our opinion that it is not the duty of the county attorney, district, or criminal district attorney officially to represent the county in filing and prosecuting condemnation suits by the county whether in the name of the county or the State and that the commissioners' court may contract for such officers or other attorneys to perform such services and pay for the same. As to suits filed by the State Highway Commission in the name of the State, it is the duty of such attorneys, when directed by the Attorney General to do so, to bring and prosecute such suits. The law does not authorize any compensation to be paid for such services.

## SUMMARY

1. A County Attorney, District Attorney, or Criminal District Attorney is not required officially to represent the County and State in condemnation suits brought by the County in the name of the State or County. The commissioners' court may employ such attorneys or other attorneys for such services and pay for the same.

2. In suits brought by the State Highway Commission in the name of the State of Texas to condemn property for highway rights of way, such attorneys, when directed by the Attorney General to do so, shall bring and prosecute such suits, but the law does not authorize any compensation to be paid for such services.

Very truly yours,

WILL WILSON
Attorney General of Texas

By: H. Grady Chandler
Assistant

HGC:ncs

APPROVED:

OPINION COMMITTEE       REVIEWED FOR THE ATTORNEY GENERAL
W. V. Geppert, Chairman  BY:  Houghton Brownlee
Robert T. Lewis
Cecil Cammack
Ray Scruggs
Richard Wells