Roger **COLEMAN**, Relator,

v.

Honorable Charles E. **LONG**, Jr., et al., Respondents.

No. 16866.

Court of Civil Appeals of Texas.

Dallas.

Oct. 7, 1966.

Fritz, Vinson & Turley, Windle Turley, Dallas, for relator. ·

Henry Wade, Dist. Atty., John J. Orvis, Asst. Dist. Atty., and Burt Berry, Dallas, for respondents.

DIXON, Chief Justice.

Relator Roger Coleman seeks writs of mandamus directed to Respondents Honorable Charles E. Long, Jr., District Judge; Honorable Bill Shaw, District Clerk, Dallas County, Texas; and Mrs. Edith Davis, Official Court Reporter of the 134th Judicial District Court, directing Respondents to sustain and affirm Relator's affidavit of inability to pay costs of appeal filed pursuant to Rule 355, Vernon's Texas Rules of Civil Procedure, and to prepare and make available to Relator a Transcript and Statement of Facts.

Relator is plaintiff in a suit styled Coleman v. United Finance & Thrift Corporation of Dallas, Inc., in which he sued for usurious interest and unreasonable collection efforts. Judgment was rendered in Relator's favor as to usurious interest, but in favor of the defendant on Relator's claim for damages resulting from unreasonable collection efforts. Relator gave notice of appeal.

Following the overruling of his motion for new trial, Relator on May 14, 1966 filed his affidavit of inability to pay costs of appeal. Notice of the filing of such affidavit and a copy thereof was mailed on the previous day to the attorney of the defendant United Finance. There is no issue as to the receipt of notice by the defendant. No contest of Relator's affidavit was filed within ten days following receipt of the notice.

At the time of filing his affidavit Relator, in anticipation of a possible contest, filed a request with the trial court for a hearing to be held on May 27, 1966.

On the last named date Relator through his attorney appeared before the time set for the hearing, called to the attention of the court that no contest had been filed and presented to the court a proposed written order sustaining and affirming Relator's affidavit and allowing Relator to prosecute his appeal under such affidavit. The court refused to sign said order.

During the course of the hearing on May 27, 1966 the District Clerk with leave of the court filed a contest of Relator's affidavit. This was the only contest filed and as will be noted it was filed several days after the expiration of ten days following the giving of the notice required by Rule 355(c), T.R.C.P.

After hearing evidence the court sustained the contest of Relator's affidavit and entered an order accordingly. Thereafter the District Clerk refused to prepare

a Transcript and the court reporter refused to prepare a Statement of Facts.

The undisputed testimony is that Relator is destitute and for two years has been totally disabled from working or earning money; that his wife is employed at a salary of $25 per week; and that he has tried unsuccessfully to borrow the money necessary to make a cash deposit for costs or to obtain sureties on an appeal bond.

The basis of the District Clerk's contest is that on May 27, 1966 the sum of $1,104 was paid into the registry of the court in Relator's behalf in payment of a stipulated usury judgment against defendant United Finance.

Relator's defense against the contest is that all but $66.59 of the above amount belongs to Relator's attorneys by virtue of written assignments duly filed in this and other suits filed by Relator against three other loan companies. The contingent fee of the attorneys is based on both the amounts of money actually collected for Relator and the amounts of debts cancelled.

■ We agree with Relator when he says in his first point that mandamus is his proper remedy. It is so held in a number of cases later cited in this opinion.

We also agree with Relator when he says in his second and third points that since no contest was filed within ten days from the time notice was given the allegations of his affidavit must be taken as true; and thereafter jurisdiction passed to the Court of Civil Appeals.

Subsections (b), (c) and (e) of Rule 355, T.R.C.P. expressly provide that a notice of the filing of the affidavit shall be given to the opposing party or his attorney; that a contest may be filed within ten days by an interested officer of the court, or a party to the suit; and that *"Where no contest is filed in the allotted time the allegations of the affidavit shall be taken as true."* (Emphasis ours.)

■ There are numerous decisions which support our holding that Rule 355, T.R.C.P. is mandatory and that if no contest is filed within the ten-day period the affidavit of inability to pay costs of appeal must be sustained. Slay v. Burnett, 143 Tex. 621, 187 S.W.2d 377, 382; Burleson v. Rawlins, Tex.Civ.App., 174 S.W.2d 979 (no writ hist.); Adams v. Courson, Tex. Civ.App., 99 S.W.2d 686 (no writ hist.); Turner v. Atlanta Nat'l Bank, Tex.Civ. App., 83 S.W.2d 454 (no writ hist.); Dunn v. Allen, Tex.Civ.App., 63 S.W.2d 857 (no writ hist.).

In Barrera v. McCormick, Tex.Civ.App., 63 S.W.2d 1084 it is held that when an affidavit of inability to pay costs on appeal remains on file for more than ten days without being contested a party has properly perfected his appeal, jurisdiction thereafter rests in the Court of Civil Appeals, the trial judge may not thereafter try a contest of the affidavit, and it becomes the duty of the clerk to make up and furnish appellant with a proper transcript.

In Haines et al. v. Russell et al., Tex. Civ.App., 49 S.W.2d 957 (no writ hist.) this court speaking through Justice Looney made a similar holding and in addition stated:

"It follows necessarily that jurisdiction of the whole case vested in this court; and as the trial judge was without jurisdiction to hear the contests, the order entered sustaining same is void."

The Barrera and Haines cases were construing Art. 2266, Vernon's Ann.Civ.St., but the language of the statute in respects material here was substantially the same as the language of the pertinent parts of the present Rule 355, T.R.C.P. and the holdings in the cited cases are applicable here.

■ Respondents argue that by asking the court to set a hearing for May 27, 1966 Relator waived Respondents' failure to file a contest within ten days. There is no merit to the argument. Relator made

his request when he filed his affidavit. In oral argument he stated that he did so in anticipation of the possible filing of a contest and in order to expedite matters should a contest be filed. Anyway, the failure to file within ten days is jurisdictional in nature—it had the effect of passing jurisdiction to the Court of Civil Appeals as held in the cited cases. And thereafter jurisdiction to try the contest and deny the appeal could not be conferred on the trial court by agreement or consent of the parties. See 15 Tex.Jur.2d 482 and cases there cited.

Respondents further argue that the effect of Rule 5, T.R.C.P. is to enlarge the time within which the trial court in the exercise of its discretion may allow a contest to be filed. But, to the contrary, Rule 5 expressly states that the court "may not enlarge the period * * * for taking an appeal * * * from the trial court to any higher court * * *." Our courts have consistently held that time periods in regard to the procedures necessary to perfect appeals will not be enlarged. Glidden Co. v. Aetna Casualty & Surety Co., 155 Tex. 591, 291 S.W.2d 315; Gonzalez v. United States F. & G. Co., 154 Tex. 118, 274 S.W.2d 537; A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853; Cocke v. Birr, 142 Tex. 432, 179 S.W.2d 958.

In his fourth and fifth points Relator says that important rights of Relator and the interests of the public can only be protected by the issuance of the mandamus in this case; and that the trial court abused its discretion in affirming the contest of Relator's affidavit. In support of the latter view Relator cites several cases, among them being Pinchback v. Hockless, 139 Tex. 536, 164 S.W.2d 19 (Tex.Com.App.); Wright v. Peurifoy, Tex.Civ.App., 260 S.W.2d 234 (no writ hist.); Burleson v. Rawlins, Tex. Civ.App., 174 S.W.2d 979 (no writ hist.); Aguirre v. Hanney, Tex.Civ.App., 107 S.W. 2d 917 (no writ hist.); Van Benthuysen v. Gengler, Tex.Civ.App., 100 S.W.2d 116

(no writ hist.); and Adkins v. E. I. Du Pont De Nemours & Co., 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43.

As we have sustained Relator's second and third points we deem it unnecessary to pass on the fourth and fifth points and we shall not do so.

The application for the writs of mandamus will be granted and the Respondents are directed to sustain Relator's affidavit of inability to pay costs of appeal and to prepare and furnish him with a Transcript and a Statement of Facts for the appeal.

We are satisfied that the Judge of the District Court, the District Clerk of Dallas County and the Official Court Reporter of the 134th District Court will honor this opinion and will comply with the directions herein contained. The writ of mandamus will issue only if the Respondents or any of them fail or refuse to do so.