SMITH et al. v. SMITH.

No. 6608.

Court of Civil Appeals of Texas. Texarkana.

Feb. 7, 1952.

Rehearing Denied March 20, 1952.

Barnes & Barnes, Terrell, for appellant.

Florence & Florence, Gilmer, D. S. Meredith, Jr., Longview, for appellee.

REUBEN A. HALL, Chief Justice.

This action was instituted by appellee by next friend, her sister, against appellant to set aside a judgment for annulment and divorce entered on June 1, 1938, in cause No. 7622. Appellee alleged that on the date the judgment was entered she was a person of unsound mind and confined in the Terrell Hospital for Insane; that the action in cause No. 7622 was one for divorce which was unauthorized by the statutes of this state on the date the judgment was entered and that such judgment being without authority of law is void and should be so declared. Appellant joined the issue. Trial was to the court without a jury and resulted in a judgment cancelling and setting aside and holding for naught the judgment in cause No. 7622.

Appellant's only point asserts that the trial court erred in declaring void and setting aside the judgment in cause No. 7622, rendered on June 1, 1938.

Appellant and appellee were married on April 7, 1922. On February 14, 1925, appellee was adjudged insane and immediately confined in the State Hospital at Austin. She was discharged as recovered on September 6, 1925, and she and appellant G. C. Smith again lived together as husband and wife until November 6, 1935, when appellee was adjudged insane for a second time and placed in the State Hospital at Terrell, Texas. She has never been discharged from the Terrell Hospital. (During the marriage of appellee and appellant G. C. Smith there was born to them a son who was placed with appellant G. C. Smith by the judgment in cause No. 7622). At the time cause No. 6722 was filed in the District Court of Wood County on April 25, 1938, appellee was an inmate of the Terrell State Hospital. She was served with citation there and upon the trial of the cause on June 1, 1938, a practicing attorney at the Wood County Bar was appointed by the court as guardian ad litem to represent her. The attorney filed an answer for appellee, and was present when said cause was tried. That cause went to trial resulting in a judgment, the decretal part of which is: "It is, therefore, ordered, adjudged and decreed by the court that the bonds of matrimony heretofore existing between plaintiff and defendant Hattie E. Smith be and the same are hereby annulled and dissolved and that plaintiff be and is hereby divorced from defendant as prayed for * * *." It is appellant's contention that the decretal portion of the judgment set out above awards to appellant G. C. Smith an annulment and dissolution of the marriage contract as prayed for on grounds alleged in his original petition filed in cause No. 7622. Appellee's contention is that the judgment is simply one for divorce and not for annulment and therefore is a nullity.

At the time the judgment in cause No. 7622 was entered a divorce could not be obtained from a spouse who was insane. There is no dispute about this fact. It is also true here that at the time the judgment was entered in cause No. 7622, Article 4628, Vernon's Ann.Civ.St. provided that the marriage relation could be nullified if either spouse at the time the marriage contract was consummated was insane and incapable of entering into the contract. The trial court found, and we think correctly so, that plaintiff's petition in cause No. 7622 was one for annulment. The court found further that after suit was filed and citation served upon appellee in the Terrell Hospital in No. 7622, there was added to the petition in handwriting signed by appellant's attorney, paragraph 5-a, reading as follows: "Plaintiff would show to the court that after he and defendant were married and before defendant became insane, she was guilty of such mistreatment of plaintiff, was guilty of such excesses and cruel treatment toward this plaintiff and of plaintiff as to render their further living together wholly unsupportable and such as to entitle plaintiff to a divorce as herein prayed for." The judgment rendered in cause No. 7622 in its beginning recited the date, the appearance of the parties in person and by guardian ad litem, appointed by the court to represent the insane spouse, and states that "the court finds that while

plaintiff and defendant lived together as husband and wife and before she became insane, defendant was guilty of such excesses and cruel treatment toward plaintiff of such a character as to render their further living together insupportable and that entitled plaintiff to a divorce and to authorize an annulment of the marriage contract now existing between said parties as prayed for, that plaintiff's allegations in that regard are found to be correct."

■■ If the judgment entered in cause No. 7622 is capable of only one construction, when tested by the pleadings in that case, that is, one for divorce, then it is a nullity and the trial court was correct in setting it aside, but if the judgment is one that can be construed as an annulment as well as one for divorce, then it is our duty to sustain it for the reason that the trial court under the plaintiff's petition had jurisdiction of the parties and the subject matter under the statute (R.S., Art. 4628), and was authorized under such statute upon proper proof to enter judgment annulling and setting aside the marriage contract between appellant G. C. Smith and Hattie E. Smith. "When an attack is made upon a judgment, whether directly or collaterally, all presumptions consonant with reason are indulged in order to uphold the binding effect of such judgment." Jackson v. Slaughter, 185 S.W.2d 759, 761, by this court, writ refused, and "if possible, a judgment will be literally construed so as to make it serviceable instead of useless." In re Supples' Estate, Tex.Civ.App., 131 S.W.2d 13, 18. Especially are these rules applicable with respect to judgment in matrimonial cases. As said in Black on Judgments, Vol. 1, § 320, quoting an eminent authority, "There are excellent reasons why judgments in matrimonial causes, whether of nullity or divorce, should be even more stable, certainly not less, than in others. The matrimonial status of the parties draws with and after it so many collateral rights and interests of third persons that uncertainty and fluctuation in it must be greatly detrimental to the public interests, and especially to an innocent person who has contracted a marriage on faith of the decree of the court, the calamity of having the

decree reversed and the marriage made void is past estimation." Impelling circumstances must exist before a judgment fixing the marital status of the parties should be set aside, and especially so, where the parties, as appellants here, have married in good faith and lived together for over thirteen years relying on the judgment in cause No. 7622.

■ The trial court concluded as a matter of law that paragraph 5–a, added at the end of plaintiff's petition in cause No. 7622 changed the cause of action from one of annulment to one for divorce. We cannot agree with this conclusion. In our opinion paragraph 5–a must be considered either as an alternative plea, or an interlineation between paragraphs five and six of the original petition, or a trial amendment. But the grounds stated in said paragraph were not available to the plaintiff in that case for the reason that the court was without authority to grant a divorce where either spouse was insane. Neither can the recitals in the court's judgment in cause No. 7622 control or supersede the decretal portion of the judgment based upon a pleading for annulment. Clearly the decretal part of the judgment in cause No. 7622 grants an annulment and dissolves the marriage contract. The fact that the judgment goes further and illegally grants a divorce could not destroy the legal part of the judgment granting an annulment of the marriage contract. Such part of the decretal portion of the judgment as attempts to grant a divorce from the insane spouse may be properly stricken from the decree leaving it as a legal decree of annulment. "So with respect to the relief granted. a judgment is likewise divisible. It may be good in part and bad in part. As to some of the relief it may be wholly worthless. and at the same time be free from invalidating faults as to other matters adjudicated. If the void portion of the judgment does not infect the whole with invalidity and may be separated from the remainder and treated as surplusage, the judgment will not be avoided in toto, but will be upheld as to that portion which was within the jurisdiction and power of the court to render." Freeman on Judg-

ments, Vol. 1, § 324, pp. 648-49; State Mtg. Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950; Kubena v. Hatch, 144 Tex. 627, 193 S.W.2d 175 and authorities there cited. To the same effect is Williams v. Tooke, 116 S.W.2d 1114, by this Court, writ dismissed. None of the evidence in No. 7622 is brought forward in this case. So we must rely on the legal pleading for annulment to support the judgment rendered in cause No. 7622 for annulment.

It is our opinion then that so much of the judgment as pertains to granting a divorce, being without support in either pleadings or law, should be stricken and leave the judgment in No. 7622 as one for an annulment of the marriage contract based upon a legal pleading setting up an annulment as found by the trial court.

Judgment of the trial court is reversed and judgment is here rendered for appellants.

Reversed and rendered.