SANTOS GONZALEZ v. UNITED STATES FIDELITY
& GUARANTY COMPANY

No. A-4737. Decided January 19, 1955.
(274 S.W. 2d Series 537)

*Rankin, Kilgore & Cherry* and *Robert F. Cherry*, all of Edinburg, for petitioner.

The majority of the Court of Civil Appeals erred in granting respondent's (appellee in the Court of Civil Appeals) motion to strike the statement of facts, because petitioner-plaintiff had compiled with Rule 381 T.R.C.P. and obtained permission of the trial court to file said statement of facts late in the trial court. Heflin v. Eastern Ry. Co. of N. M., 106 Texas 23, 155 S.W. 188; McKay v. Kelly, 225 S.W. 2d 992, error ref. N.R.E.; Gossler v. Lipper, 93 2d 1175.

*Kelley, Looney, McLean & Littleton* and *Willard E. Dollahon*, all of Edinburg, for respondent.

In support of the action of the court in striking the statement of facts cited Cocke v. Birr, 142 Texas 432, 179 S.W. 2d 958; Parks v. Purnell, 135 Texas 182, 141 S.W. 2d 585; Gerneth v. Galbraith-Foxworth Lbr. Co., 117 Texas 205, 300 S.W. 17.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

The only question for our decision is whether the majority of the San Antonio Court of Civil Appeals rightly granted the motion of our respondent, the defendant and appellee below, to strike the statement of facts and accordingly affirm the *non obstante* judgment of the trial court against our petitioner, the plaintiff and appellant below, the sole ground of the motion being the failure of petitioner's counsel to file the statement of facts in the trial court until nine days after the fifty-day period specified in paragraph (a) of Rule 381. (Texas Rules Civ. Proc. Such rules are intended by all within references to rules, unless otherwise stated.) The opinions of the Court of Civil Appeals are reported in 266 S.W. 2d 238 and 267 S.W. 2d 587.

The judgment of the trial court was dated October 19th, 1953. The statement of facts was approved (with hereinafter-mentioned reservations) by both parties fifty-nine days later, that is, on December 17th, filed in the trial court on that date, and mailed on that date to the appellate court, where it was received on December 18th, the sixtieth, and, under Rule 386, final day for filing in the apellate court. The petitioner, as appellant, never sought any relief from the latter court by way of an extension under Rule 386 or otherwise, except that he resisted the motion of the respondent-appellee to strike. Nor did the petitioner-appellant seek from the trial judge an extension under paragraph (8) of Rule 381 or other relief until January 15, 1954, (approximately ninety days after the date of the trial court judgment, forty days after the fifty-day period of Rule 381, thirty days after the sixty-day period of Rule 386 and fifteen days after the seventy-five day extension period of Rule 386.) On the preceding day (January 14th—within the thirty-day period prescribed by Rule 404 for motions to strike) the motion of the respondent-appellee was filed in the Court of Civil Appeals, and, presumably in response thereto, the petitioner, on January 15th, procured permission of the trial judge to file the statement of facts in the trial court "as of" December 17th, the date on which it had been there filed in fact but without permission and nine days late. The judge's order incorporated the proviso of Rule 381, paragraph (b), that the order should not delay the matter of filing in the Court of Civil Appeals beyond the period specified in Rule 386 for that purpose (the statement of facts, as above indicated, having already been physically present in the appellate court on and since December 18th, the sixtieth day). On January 12th, the parties filed a joint motion in the Court of Civil Appeals for additional time within which to file briefs, the motion being granted on January 13th.

The petitioner states his position to be that, "This Court should reverse the opinion of the Court of Civil Appeals on the basis of either one or both of the two points made in this argument, that is: First, That the Trial Court acted properly and within the rules in ordering the statement of facts filed in the Trial Court at a time more than fifty (50) and less than sixty (60) days after the entry of judgment; and, second, that the Respondent waived his (its?) right to object to the late filing by his (its?) acts in connection therewith."

■ Taking up first the latter point, which evidently the able dissenting Justice below considered unsubstantial, it, like the first point, derives largely from our recent decision in Punch v. Gerlach, 153 Texas 39, 263 S.W. 2d 770. The holding there was (a) that the requirement of filing the statement of facts in the trial court was a "formality" within the meaning of Rule 404, failure to observe which on the part of the appellant might be the subject of waiver by the appellee, and (b) that the omission on the part of the appellee to file a motion to strike constituted such a waiver. The decision thus also holds, contrary to earlier decisions, such as Seaboard Fire & Marine Ins. Co. v. Halbert, Texas Civ. App., 173 S.W. 2d 180, that where the appellee does not move to strike, the appellate court itself may not effectively do so.

But, as above stated, the respondent-appellee in the instant case did move to strike and within the thirty days prescribed by Rule 404. Furthermore, as reflected by the stipulation of the parties, the respondent-appellee, in signing the statement of facts, did not merely make a general reservation of its rights as suggested by the petitioner-appellant, but, on the contrary, was so specific in its language as, in effect, to warn the latter that a motion to strike would later be filed. That it was filed toward the end of the prescribed period, rather than earlier, was no waiver, even though the petitioner-appellant may, for that reason, have chosen to forego available remedies in the belief that the motion would not be filed. To hold otherwise under the circumstances would be in effect merely a reduction by judicial decision of the period expressly provided by our own rule. Nor do we consider that the respondent-appellee waived its rights by the mere act of requesting the appellate court on January 12th to extend the time for briefs in a joint motion with the petitioner-appellant. The petitioner's point of waiver is overruled.

■ The contention that the "informality" in question was cured by the long-delayed recourse to the trial court was the one on

which the court below divided. With all respect to the thoughtful view of the dissent, we conclude that even this point is not well taken. To say, as we did in Punch v. Gerlach, supra, that the filing of the statement of facts in the trial court is a "formality" was yet something less than to repeal the explicit requirement of our own Rule 381 without the usual formalities incident to a change in the Rules and, indeed, without seeming to realize that we might be repealing it. The requirement still stands, and such is the clear inference from Punch v. Gerlach. True, paragraph (b) of the Rule provides for an extension of time by the trial judge provided that such should not "delay the filing thereof beyond the time for filing * * * in the Court of Civil Appeals," and does not expressly forbid, or even set a time limit for, a *nunc pro tunc* order of the trial court. But, in our opinion, it contemplates that any extension by the trial court of the fifty-day period prescribed by the Rule shall be made at least not later than the sixty-day period of Rule 386 (for filing in the Court of Civil Appeals). Nor does Rule 381 say even by implication that if the appellant merely delivers the statement of facts to the appellate court within the sixty days, by-passing the trial court, the trial judge may yet order filing in the trial court at most any time thereafter, and shall not thereby be taken to violate the proviso against delay in filing in the Court of Civil Appeals. If this "'filing" in the Court of Civil Appeals has any effect, it must be to complete the process of appealing—as if the documents had been theretofore duly filed in the trial court; and if we give it that effect, why concern ourselves with whether at some time thereafter the trial judge should or should not give his blessing to what was done? So to do would, indeed, be to traffic in "formalities." Thus to give effect to mere delivery of the documents to the appellate court is to ignore the requirement of filing in the trial court. On the other hand, if the delivery to the appellate court within the period of Rule 386 has no effect, then the subsequent order of the trial judge extending retroactively the time of filing in the trial court does in substance extend the time for filing in the appellate court and thus violate the proviso of Rule 381.

This Rule and Rule 386 set up a clear, simple system, or schedule, easy of compliance with ordinary diligence, and troublesome procedural "technicalities" come into play mostly when, as here, the system is not followed, and its obvious and liberal remedial provisions are not timely resorted to. The petitioner could easily have applied to the trial court within the fifty-day period of Rule 381. He did not there apply even within the sixty-day period of Rule 386 or the seventy-five day exten-

sion of the same rule. He did nothing at all until after the motion to strike was filed. The remedial process of Rule 381 was hardly meant to extend to circumstances like these, even if decisions such as Gerneth v. Galbraith-Foxworth Lumber Co., 117 Texas 205, 300 S.W. 17, based on lack of "jurisdiction" in the trial court to act after perfection of an appeal, should be taken as obsolete in the light of Rules 381 and 5.

But, of course, to say, as we do, that part (b) of Rule 381 contemplates an extension by the trial court only within a limited period, is also to say that this is so notwithstanding the provisions of other rules that conceivably bear on the matter, for example, Rule 5. The latter, in very general terms, authorizes courts to enlarge periods by order entered even after the periods have expired, and its specific proviso against enlarging "the period for taking an appeal" does not clearly include the matter of filing the statement of facts (as distinguished from filing notice and bond).

It was held in Cocke v. Birr, 142 Texas 432, 179 S.W. 2d 958, 961, that Rule 5 had no application to the matter of filing the transcript in the Court of Civil Appeals under Rule 386, and that accordingly there was no authority for the appellate court to permit filing after expiration of the sixty-day period, absent an extension duly granted under the same Rule. In that decision Rule 437 was invoked to demonstrate the inapplicability of Rule 5, Rule 437 being a prohibition against appellate court action "for defects or irregularities in appellate procedure * * * without allowing a reasonable time to correct or amend * * * provided the court may make no enlargement of time prohibited by Rule 5 nor any enlargement of the time for filing transcript and statement of facts except as contemplated by Rule 386'." Whether but for Rule 437, the court would still have held Rule 5 inapplicable on the ground of its generality, as compared to the more specific subject matter of Rule 386, we cannot, of course, say. As regards the instant case, obviously Rule 437 does not expressly mention Rule 381, as it does Rule 386, and thus can hardly be said itself to apply. But Cocke v. Birr does recognize the principle, if it needs recognition, that a rule (such as 5) which is in general terms and thus might apply to any number of situations in connection with both trials and appeals, yet without naming them, yields to another rule (such as 381), which deals in some detail with a specific situation—here the matter of filing the statement of facts in the trial court *and* the right of the trial judge to extend the time therefor. We therefore feel authorized to look entirely to Rule 381, and if we think,

as we do, that its provision limiting extensions (par. b) prevents the extension here in effect granted by the trial court, we may hold the extension unauthorized.

Rule 1 does, indeed, voice the objective that a maximum number of cases be decided on grounds of "substantive law." But it emphasizes equally the further purpose of "expedition and dispatch," which in turn requires that rules conducing to orderly and expeditious litigation shall be respected. See Matlock v. Matlock, 151 Texas 308, 249 S.W. 2d 587. Such respect derives largely from the consequences to be applied to infraction. A too "liberal" disposition to circumvent consequences and avoid final decisions on procedural grounds may well invite a mass of procedural litigation and thus in the long run defeat its own object of deciding cases on the merits. Indeed, considering the relative completeness and simplicity of the Rules as a whole, our labors in the purely procedural field are even now excessive.

The Court of Civil Appeals rightly struck the statement of facts and accordingly affirmed the judgment of the trial court. Its judgment to this effect is itself, therefore, affirmed.

Opinion delivered January 19, 1955.