J. C. WILLIAMS et ux., Appellants,

v.

The STATE of Texas, Appellee.

No. 10520.

Court of Civil Appeals of Texas.

Austin.

Nov. 13, 1957.

John H. White, Rosa Jane White, Borger, White & White, Borger, of counsel, for appellants.

Cecil M. Pruett, Borger, for appellee.

GRAY, Justice.

On March 29, 1957, a judgment, on a jury's verdict, was signed adjudging two minors to be dependent and neglected children and placing them in the custody of the juvenile officer for Hutchinson County. Appellants have attempted to appeal from that judgment.

The dates herein written are in the year 1957 unless otherwise stated. Also all cita-tions to rules are Texas Rules of Civil Procedure.

It appears that the cause proceeded to trial on March 14, and on March 22 appellants filed their original motion for new trial and on the same day filed their amended motion for new trial. It does not appear that these motions were acted on by the trial court, accordingly the amended motion was overruled by operation of law forty-five days after March 22. Rule 329–b.

The transcript was timely filed in this Court but no statement of facts prepared under Rule 377 has been filed or tendered for filing. However appellants have filed a document designated as "Agreed Statement of Case." Omitting the formal parts and the contents of this statement it begins and concludes as follows:

"We, the parties to the above styled and numbered causes, whose names are signed hereto, being all the parties to these cases, hereby agree that the following is a brief statement of this case (s) and of the facts shown in the trial hereof.

\* \* \* \* \* \*

"We agree that this cause upon appeal may be decided upon this agreement in accordance with the Provisions of the Rules of Civil Procedure Rule 378, and determined accordingly.

"This the 28th day of May, A.D. 1957."

The statement was approved by attorneys for appellants but it was not approved by the trial court or by appellee. The following notation appears on the statement:

"I, Cecil Pruett, County Attorney, prosecuting this cause for the State of Texas, will file a statement of facts.

"s/ Cecil M. Pruett."

On August 29 appellee filed its motion to strike the above "Agreed Statement of Case" and on September 29 filed its motion for leave to file a supplemental record. Accompanying the latter motion and tendered for filing was a document designated "Appellee's Answer to Appellants' Statement of Case." This document recites that appellee represents to the court "that the State's version of the disputed facts are:" Then follows a stated version of such facts. No approval by the trial court or appellants is shown.

Rule 378 provides:

"Agreed Statement. The parties may agree upon a brief statement of the case and of the facts proven as will enable the appellate court to determine whether there is error in the judgment. Such statement shall be copied into the transcript in lieu of the proceedings themselves."

Appellants' "Agreed Statement of Case" does not meet the requirements of Rule 378 because the parties did not "agree upon a brief statement of the case and of the facts proven * * *" and no such statement is copied into the transcript. See McDowell v. Fowler, 80 Tex. 587, 16 S.W. 431; Hogg v. Sinclair Oil & Gas Co., Tex.Civ.App., 38 S.W.2d 886, Er. dism.; 3-A Tex.Jur., Sec. 579, p. 738.

■ Appellants say that because appellee did not object to their purported agreed statement of the case within thirty days after it was filed then Rule 404 applies and the objections are waived. They further say that the provisions of Rule 429 are applicable here. Rule 404 provides that all motions relating to informalities in the manner of bringing a case to the Court of Civil Appeals must be filed within thirty days after the transcript is filed otherwise the objection is waived "if it can be waived by the party."

The points presented by appellants cannot be decided absent a statement of facts and they do not contend to the contrary.

Here it was necessary that a statement of facts be filed within sixty days after May 6, the date appellants' amended motion for new trial was overruled by operation of law, unless by a motion filed within not exceeding fifteen days of that date showing good cause existing during such sixty-day period why such statement of facts could not have been so filed such filing time is extended. Rule 386. Both the sixty and the fifteen day periods have expired and no motion for an extension of time in which to file the statement of facts has been filed.

The rule provides that "the appellant shall file the transcript and statement of facts." In Texas Employers Ins. Ass'n v. Campion, 236 S.W.2d 193, 197, this Court said:

"The overall appellate burden is upon the one who seeks relief from an adverse judgment. This includes the duty of filing a statement of facts in accordance with the rules when a statement of facts is necessary."

■ Clearly appellants have not discharged the burden resting on them and their failure to file a statement of facts is a matter that cannot be waived when as here it is necessary, and absent a statement filed under Rule 378 the provisions of Rule 386 are mandatory and jurisdictional and must be complied with in order to invoke appellate jurisdiction. Ortiz v. Associated Employers Lloyds, Tex.Civ.App., 294 S.W.2d 880.

Rule 429 provides:

"Should it be apparent during the submission or afterwards that the case has not been properly prepared, as shown in the transcript, or properly presented in the brief or briefs, or that the law and authorities have not been properly cited, which will enable the court to decide the case, it may decline to receive the submission; or if received, may set it aside and make such orders as may be necessary to secure a more

satisfactory submission of the case; or should it appear to the court, after the submission of the cause, that the statement of facts has been prepared in violation of the rules, the court may require the appellant to furnish a correct statement of facts, and upon his failure to do so may disregard it. If the violation of the rule be flagrant, the court may disregard the statement of facts altogether, unless counsel for the appellant shall make it appear by affidavit or otherwise that he prepared a statement giving what, in his opinion, he deemed a fair presentation of the evidence, prepared in accordance with the rules, and that he was unable to get it agreed to or approved. Should counsel for appellant show that he has used due diligence to have a proper statement of facts filed, and that the statement of facts as prepared is the result of the fault of the counsel for the opposite party, such as his failure or refusal to agree to a proper statement presented to him, the costs of the statement, if ordered, shall be taxed against the appellee."

It is our opinion that this rule cannot be so interpreted as to nullify the requirements of other rules requiring a timely filing of a statement of facts. The necessity for a statement of facts here has been stated. None has been filed under Rule 378 or Rule 377 and the time for such filing has expired as has also the time for filing a motion for an extension of time in which to file it.

Absent a statement of facts the complained of errors cannot be decided but all fact issues are to be resolved in favor of the trial court's judgment.

Appellee's motion to file a supplemental record as tendered is overruled.

The judgment of the trial court is affirmed.

Affirmed.