Richard **FELLERS**, Appellant,

v.

**ANCO SALES COMPANY** et al., Appellees.

No. 13547.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 2, 1959.

Stafford & Alcorn, Glusing & Sharpe, Kingsville, Wm. L. Ellis, Aransas Pass, Oscar Spitz, Corpus Christi, for appellant.

North, Blackmon & White, Corpus Christi, for appellees.

MURRAY, Chief Justice.

Appellant on August 14, 1959, filed Motion No. 19561 herein asking for an extension of time within which to file the statement of facts in this cause. The motion is not verified, and does not show on what date the judgment was rendered, or whether or not a motion for a new trial was filed. It does not show the date upon which the sixty-day period allowed by Rule 386, Texas Rules of Civil Procedure, for the filing of the record will expire. It does not show that appellant complied wih Rule 376, T.R.C.P., in that it does not show that appellant delivered or mailed to appellees or their attorneys a copy of his letter to the District Clerk requesting a transcript of the proceedings in the trial court. Neither does appellant show that he complied with the provisions of Rule 377, subsection (c), reading as follows:

"Promptly after notice of appeal is given and where a request is made of the official court reporter for the preparation of a transcript of all or any part of the evidence adduced on the trial of the case, or whenever, with or without such a request, a statement of facts is filed or offered for filing by appellant, the appellant shall deliver or mail to the appellee or his counsel and file with the clerk

of the court a designation in writing of the portions of the evidence desired, and shall specify the portions desired in narrative form, if any, and the portions desired in question and answer form, if any, and the portions that are desired to be omitted. Within ten days thereafter any other party to the appeal may file a designation in writing of any additional portions of the evidence to be included, specifying the portions desired in narrative form, if any, and the portions desired in question and answer form, if any."

The motion is not supported by the affidavit of the court reporter to the effect that he was unable to prepare the statement of facts within the sixty days allowed by Rule 386, supra, because of other official business. Appellant's motion fails to show on its face that good cause existed why the statement of facts could not have been prepared and filed in the trial court within the fifty-day period allowed by Rule 381, T.R.C.P., and in this Court within the sixty-day period allowed by Rule 386, supra. The motion therefore is overruled. Matlock v. Matlock, 151 Tex. 308, 249 S.W.2d 587; Gonzalez v. United States Fidelity & Guaranty Co., 154 Tex. 118, 274 S.W.2d 537; Rule 389–a, T.R.C.P.

On August 21, 1959, appellees filed Motion No. 19564 herein, styled "Motion to Strike Appeal Bond—And Dismiss Appeal," and on August 24, 1959, appellees filed Motion No. 19569, styled "Appellees Motion to Strike Transcript and Motion Resisting Extension of Time to File Statement of Facts."

The motion to strike the bond is based upon the fact that the sureties thereon are also the attorneys for appellant. Rule 142, T.R.C.P., provides in part: "No attorney or other officer of the court shall be surety in any cause pending in the court, except under special leave of court." The attorneys were not given special leave of the court to become such sureties upon this bond, and therefore the bond is defective. Rule 430, T.R.C.P., provides that such a defective bond may be amended. Appellant will be given ten days to file a bond in the sum of $500 as a cost bond, or in the sum of $2,500 as a supersedeas bond, with two good and sufficient sureties to be approved by the Clerk of this Court. If neither of such bonds is filed within ten days then this appeal will be in all things dismissed.

It is apparent that appellant has not complied with Rule 376, T.R.C.P., with reference to requesting a transcript, in that opposing counsel was not given notice of such request, but inasmuch as the transcript was tendered here within the sixty-day period, and appellees have not shown that they were injured by reason of such non-compliance, the motion to strike the transcript will be overruled. Appellees may yet file a supplemental transcript if they have matters they wish to bring up.

Accordingly, appellant's motion to extend the time for filing the statement of facts is overruled. Appellees' motion to strike the supersedeas bond is overruled, provided a proper bond is tendered here within ten days, otherwise the bond will be stricken and the appeal dismissed. Appellees' motion to strike the transcript is also overruled.