**ROBERSON FARM EQUIPMENT COMPANY, Appellant,**

v.

**Sylvester W. HILL, Appellee.**

**No. 8220.**

Court of Civil Appeals of Texas, Texárkana.

Dec. 17, 1973.

Rehearing Denied Aug. 20, 1974.

John B. Greer, III, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, for appellant on motion for rehearing in Court of Civil Appeals only.

Harry Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

CHADICK, Chief Justice.

This is a breach of warranty case. A non-jury trial resulted in a judgment awarding plaintiff Sylvester W. Hill, appellee here, a recovery of $17,600.00 with interest, costs, etc., from defendant, Roberson Farm Equipment Company, appellant here. The judgment of the trial court is affirmed.

The statement of facts tendered for filing in this court was not authenticated by a signed certificate of agreement by the parties or a signed certificate of approval by the judge of the trial court. The clerk of this court filed the document December 17, 1973, the day it was tendered. Thereafter on January 14, 1974, less than thirty days after such tender and filing, the appellee filed a motion to strike the statement of facts on the grounds "that Rule 377 of the Texas Rules of Civil Procedure had not been observed, such statement of facts not having been approved by the trial judge or presented to, or approved, by the appellee or his attorney, and such statement of facts is not acceptable to the appellee * * *." Appellee's response to the motion stated that because of "the time factor" the unauthenticated statement of facts was filed when it was ascertained that appellee's counsel was out of town and that the trial judge could not be located. The deadline for filing the statement of facts was December 27, 1973, unless time

therefor was enlarged under the terms of Tex.R.Civ.P. 386.

■■ The appellant makes no contention that the statement of facts was authenticated as required by Tex.R.Civ.P. 377(d), but argues that the motion to strike did not give reasons for the statement of facts being unacceptable and that "appellee has had notice of the filing of said statement of facts from the day after the filing of the same and has had ample time to disapprove, in writing, as required of said statement of facts." On motion for rehearing appellant expands this contention by insisting that failure to authenticate the statement of facts is not only an informality in the manner of bringing a case into court, but also constitutes an omission from the statement of facts that is correctable under the terms of Tex.R.Civ.P. 428; and that failure to authenticate simply categorizes the statement of facts as one prepared in violation of the rules governing the preparation of such documents and therefore is now subject to rehabilitation in accordance with the terms of Tex.R.Civ.P. 429. Such propositions cannot be sustained. The defect is an informality in bringing a case into court and can only be cured as such; the effect of this defect will be noticed in subsequent discussion. In Pacific Fire Ins. Company v. Smith, 145 Tex. 482, 199 S. W.2d 486 (1947) it is said:

"The failure of statement of facts to be properly authenticated was, in our judgment, one of the 'informalities in the manner of bringing a case into the court' contemplated by Rule 404; and thus it was incumbent upon the respondent to file his objections to it within the thirty-day period provided, otherwise the defect was waived. Looney v. Wing, Tex. Civ.App., 195 S.W.2d 557.

"The waiver thus enforced relates only to the lack of approval of the statement of facts. It has nothing to do with inaccuracies therein, or omissions therefrom, of anything material to the rights of the parties. Under our rules and decisions ample opportunity is provided for the correction of the statement of facts subsequent to the thirty-day period mentioned in Rule 404 where it appears that the same is not properly prepared or some material portion has been omitted. Rules 428, 429; Smirl v. Globe Laboratories, 144 Tex. 41, 188 S.W.2d 676; Barron v. James, 145 Tex. 283, 198 S. W.2d 256; Harris v. Stark, 101 Tex. 587, 110 S.W. 737; Boggess v. Harris, 90 Tex. 476, 39 S.W. 565."

■ As mentioned, appeal procedure requires a statement of facts to be authenticated in accordance with Rule 377(d) and in the absence of such authentication Tex. R.Civ.P. 389(a) does not permit the clerk of this court to do more than accept custody of the unauthenticated statement of facts. On receipt of an unauthenticated statement of facts it is the clerk's duty to endorse thereon the time of receipt and notify the party tendering it (or the party's attorney) of the action taken and reasons therefor. On motion for rehearing it is urged that the clerk's dereliction in this instance prejudiced the appellant. The question of invited error aside, under this record it is difficult to perceive how filing the statement of facts was prejudicial to appellant. As stated earlier, appellant's counsel acknowledged that he was well aware that the statement of facts was not authenticated, but because of the time element deliberately tendered it to the clerk for filing in its unauthenticated condition. Advice from the clerk that the document was not authenticated would have revealed no fact to counsel that he was not conscious of and would have advised counsel only of a condition that he had previously decided to ignore. The clerk's improper filing of the statement of facts was in appellant's favor and could not have lulled appellant's counsel into a sense of security because application of Rule 404 is not made to depend upon whether the document is filed or merely retained in the clerk's custody or upon the clerk's action in this respect.

The motion for rehearing persuasively argues the sophistic proposition that by sustaining appellee's objection to the statement of facts, this court "would be taking the position that if the statement of facts is before the Court and is true and correct, that the Court of Civil Appeals could not consider it even though it spoke the truth, only because it lacked the signature of opposing counsel." Such argument ignores the appellant's duty, the "overall appellate burden" of one who seeks relief, to file a statement of facts, in accordance with rules pertaining thereto, when such statement is necessary. Williams v. State, 307 S.W.2d 290 (Tex.Civ.App. Austin 1957, no writ); Texas Employers Ins. Ass'n v. Campion, 236 S.W.2d 193 (Tex.Civ.App. Austin 1950, no writ). The argument also undertakes to relieve appellant of this "appellate burden" on the ground that appellee was under a duty to do so and failed to point out an omission, lapse, or defect prejudicial to appellee in the tendered statement of facts. Such an obligation on appellee's part is advocated and urged despite the acknowledged fact that appellant never presented the statement of facts to appellee for examination or approval. The contention is without merit. Diligence in securing authentication of a statement of facts is required of an appellant. See Gonzales v. United States Fidelity & Guaranty Company, 154 Tex. 118, 274 S.W.2d 537 (1955). The rules make no provision for waiver of authentication on the grounds urged.

To function and coordinate with other rules governing statement of facts in cases on appeal, Tex.R.Civ.P. 386, prescribing the time for filing statement of facts, pre-supposes the filing of either a properly authenticated statement of facts or the tender of a statement of facts subject to waiver of authentication by operation of Tex.R.Civ.P. 404. Waiver of authentication effected by the operation of Rule 404 is the only relaxation or supersession of the provisions and requirements of Rule 377(d) pertaining to authentication, that is to be found in the procedural rules. The appellant cites no rule or authority to the contrary or out of harmony with this construction. In this instance, a timely motion to strike was filed and authentication not having been waived by operation of Rule 404, the motion to strike is sustained. No case precisely in point has been found that supports such disposition, but see: Gonzales v. United States Fidelity & Guaranty Co., 266 S.W.2d 238 (Tex. Civ.App. San Antonio 1954, affirmed, 154 Tex. 118, 274 S.W.2d 537 (1955); Walden v. Sanger, 250 S.W.2d 312 (Tex.Civ.App. Austin 1952, no writ); Green v. Davis, 451 S.W.2d 579 (Tex.Civ.App. Fort Worth 1970, no writ); Meridian Resources, Inc. v. Colley Gin Co., 430 S.W.2d 372 (Tex. Civ.App. Corpus Christi 1968, no writ); Pacific Fire Insurance Company v. Smith, 199 S.W.2d 486 (Tex.Sup.1947).

Appellant's first point of error is concerned with the admission of evidence. The second and third points are directed to the absence of evidence to support the trial court's judgment. The fourth point questions the construction of a written warranty offered into evidence. These points show on their face that the merit of such points may only be determined by resort to the content of the statement of facts. In the absence of a statement of facts, the situation here, these points are not reviewable. Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683 (1951); Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600 (1953); and Kavanagh v. Holcombe, 312 S.W.2d 399 (Tex.Civ. App. Houston 1958, writ ref'd, n. r. e.).

Appellant's fifth point of error in the original brief and supplemental points in the motion for rehearing raises the issue that the judgment herein allowed a double recovery of damages. Resolution of this issue also requires resort to a statement of fact, though the need is not as apparent as in the other instances. Findings of fact and conclusions of law as authorized by Tex.R.Civ.P. 296 were neither re-

quested nor filed. However, the judgment recited that ". . . it is the opinion of the Court that the Plaintiff should have and recover of and from the Defendant his $1,500.00 down payment on the international 220 Cotton Picker and $9,800.00 for the loss of the cotton crop, said $9,800.00 being 70% of the 100 bales guaranteed or 70 bales at $140.00 per bale and the Plaintiff should also further recover the sum of $6,300.00, said sum being 70% of the $9,000.00 which the Plaintiff lost by reason of the cotton crop being lost and said $9,000.00 being his costs of planting said cotton crop." Appellant argues in his brief that the judgment on its face shows the trial court allowed a recovery by the appellee of his gross lost profit of $9,800.00 and also allowed a recovery of expenses in the sum of $6,300.00, thereby permitting the appellee to recoup the gross amount the cotton crop would have sold for, plus the expenses of producing it.

Following the recital quoted the written jugment contained this language: "It is, therefore, ORDERED, ADJUDGED AND DECREED that the Plaintiff, Sylvester W. Hill, do have and recover of and from the Defendant, Roberson Farm Equipment Company, the aggregate sum of $17,600.00 with interest thereon at the rate of 6% per annum from this date, together with his costs in this behalf expended * * *." Although the quoted recitals and appellant's argument tend to show a mistake in the assessment of damages, such recitals do not impeach the vadidity of the judgment actually pronounced. Language from Chapman v. Sneed, 17 Tex. 428 (Tex.Sup. 1856) is applicable here; that case explains the function of recitals in a judgment and the reason they are not permitted to control, impeach or qualify the judgment awarded, to-wit:

"It is objected that the decree was not warranted by the facts recited therein. If the recital in the judgment were to be taken to embrace all the facts proved upon the trial, the argument for the appellant on this point would be irresisti-

ble. But it is not to be so taken. The decree does not profess to recite all the facts; and there is no statement of facts. The recitals were unnecessary, and are only to be taken as evidence that such facts were in proof. They do not conclude the supposition that there were other facts proved, which aided in constituting the basis of the judgment; and it is entitled to all the presumptions in its favor, which are indulged in ordinary cases where there is no statement of facts. * * * We are to indulge every presumption in favor of the judgment.

"* * * And it would be unsafe and unprecedented to revise the judgment and adjudicate the cause upon the facts, when they are not before us, otherwise than in an incomplete and partial state."

See also Dowdle v. U. S. Fidelity & Guaranty Co., 255 S.W. 388 (Tex.Com.App. 1923, opin. adpt.); Gillette v. Davis, 15 S.W.2d 1085 (Tex.Civ.App. Eastland 1929, no writ); State ex rel. Burkett v. Town of Clyde, 18 S.W.2d 202 (Tex.Civ.App. Eastland 1929, writ ref'd).

The conclusion that the judgment is not controlled by the recitals is bolstered by Tex.R.Civ.P. 306 as it now stands. When originally adopted the rule read:

"The entry of the judgment shall contain the full names of the parties, as stated in the pleadings, for and against whom judgment is rendered, *and shall carefully recite the findings of the jury, or the several findings, if more than one, upon which the judgment of the court is based.*" (Emphasis supplied).

The emphasized language of the original rule was deleted by amendment effective January 1, 1971. Recitals now, except those showing the full name of the parties, etc. and those stating for and against whom judgment is rendered, are not sanctioned by the rule nor given place or function in a judgment. Cases may be found in which recitals appear to have been treated as findings of fact or conclusions

of law, as contemplated by Tex.R.Civ.P. 296 et seq., but presently there is no warrant in the procedural rules for such treatment. Finding and conclusions serving as a basis for judgment are governed and have application in accordance with Rule 296 and associate rules. It follows that the recitals of the judgment in this case are not competent to show that a double recovery was allowed.

▮ Appellant's motion for rehearing submits that the pleadings do not support the judgment, that is to say, that fundamental error in this respect appears on the face of the record. The contention is not supported by authority. The general rule is that in the absence of a statement of fact all presumptions consonant with reason are indulged in order to uphold the binding effect of the judgment. Thompson v. Republic Acceptance Corporation, 388 S.W.2d 404 (Tex.Sup.1965); Mays v. Pierce, 154 Tex. 489, 281 S.W.2d 79 (1955); Chapman v. Sneed, supra; Jackson v. Slaughter, 185 S.W.2d 759 (Tex. Civ.App. Texarkana 1944, writ ref'd, w. o. m.); Smith v. Smith, 247 S.W.2d 426 (Tex.Civ.App. Texarkana 1952, ref'd, n. r.e.). Specifically, appellant contends that appellee plead no action for recovery of expense incurred in planting a cotton crop. When issues not raised by the pleadings are tried by express or implied consent they are to be treated in all respects as if they had been raised in the pleadings. Tex.R.Civ.P. 67. In support of the judgment rendered it may be presumed that the issue or issues in question were validly tried outside the pleadings, and that the court found the evidence supported the judgment rendered. In a no statement of fact case, Gadd v. Lynch, 258 S.W.2d 168 (Tex.Civ.App. San Antonio 1953, writ ref'd), it is said:

"If the proof did not conform to the pleadings, appellants are in no position to complain. The record before us reflects no request for additional findings and conclusions, no objection to the evidence, no bill of exception, and no statement of facts."

This case forecloses appellant's contention and error in this respect is not shown. See also, Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562 (1943); Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W. 2d 363 (1945); Curry v. Farabaugh, 422 S.W.2d 838 (Tex.Civ.App. Waco 1967, no writ; 23 Texas Law Review 396 (1945).

This court must take cases as they come and decide them in accordance with law and precedent. When that is done and substantial justice does not result, the fault lies outside this court. Present counsel did not participate in the trial or original appeal, first appearing in the case on motion for rehearing. The able briefs of counsel, originally and presently, have elicited and compelled an exhaustive study of the issues presented. Careful review in the light of the original brief and brief on motion for rehearing has been made. For the reason discussed, the court declines to recede from the original disposition of the case. The original opinion herein is withdrawn and this substituted for it. The appellant's motion for rehearing is overruled and the judgment of the trial court is affirmed.