**ST. PAUL FIRE & MARINE INSURANCE COMPANY et al., Appellants,**

v.

**LAKE LIVINGSTON PROPERTIES, INC., Appellee.**

No. 7878.

Court of Civil Appeals of Texas, Beaumont.

Feb. 3, 1977.

Rehearing Denied Feb. 24, 1977.

Thomas S. Hornbuckle, Al Taylor, Houston, for appellants.

James E. Faulkner, Coldspring, for appellee.

KEITH, Justice.

In this appeal we review a judgment which awarded workmen's compensation benefits to an injured workman against the compensation insurance carrier for his employer and denied to the plaintiff a joint and several judgment for the same benefits against his employer, a subscriber under the Act.

Because of the confused nature of the record, we will set out the procedural developments in chronological order. Plaintiff, Robert C. Greene, alleged and testified that he was injured on January 28, 1970, while in the course and scope of his employment with Lake Livingston Properties, Inc. (hereinafter "employer"), in San Jacinto County. He went to a hospital in Huntsville where he stayed for approximately a month and, upon his release, retained an attorney to represent him in connection with his personal injury claim.

This attorney did not file a notice of injury or a claim for workmen's compensation on behalf of plaintiff although the record is clear that the appellant, "St. Paul", was the workmen's compensation insurance carrier for plaintiff's employer who was a subscriber under the Act. Instead, the attorney instituted a personal injury action in San Jacinto County seeking damages for plaintiff's personal injuries from his employer. This suit, No. 5634, was filed on September 25, 1970, and named only plaintiff's employer, Lake Livingston Properties, Inc., as a defendant. This suit was dismissed on November 2, 1972 after it was shown that the defendant therein was a subscriber under the compensation act and plaintiff had no claim against his employer.

Plaintiff, through another attorney, filed a claim for workmen's compensation with the Industrial Accident Board on March 19, 1973, approximately thirty-eight months after his alleged injury and more than four months after his personal injury suit had been dismissed.

His claim for compensation benefits having been denied, plaintiff perfected an appeal from the Industrial Accident Board. In addition to the necessary allegations in such a suit, he named his employer, one of its executives, Dungan, and his foreman, Parker, as defendants. He sought total and permanent disability benefits from the carrier and, as to the other defendants, he sought damages measured in terms of compensation benefits in several alternate causes of action. He also named his first attorney as a defendant.

As to Lake Livingston Properties, Dungan, and Parker, plaintiff alleged that they had falsely and fraudulently misrepresented that his employer was not a subscriber under the workmen's compensation law at the time he was injured; that he was deceived by such false statements upon which he relied to his detriment; that his employer, Dungan, Parker, and his first attorney conspired to deprive him of his rights under the compensation act; and, finally, that his first attorney was negligent in failing to ascertain that this employer was a subscriber under the Act.

He pleaded that he acted as a prudent man and had good cause for failure to file his claim within the six months; but, alternatively, he sought judgment against his employer, Parker, Dungan, and his first attorney for his damages, as measured by his right of recovery under the compensation act as and for total and permanent disability.

Plaintiff went to trial upon his original petition since all jurisdictional and dilatory pleas of the several defendants were overruled.

The first attorney having died during the pendency of the suit, his estate was dismissed before trial, and plaintiff did not secure a judgment against Dungan and Parker. The jury found plaintiff sustained injuries in the course of his employment which entitled him to recover total and permanent disability benefits; that he had good cause for failing to file his claim within the statutory period; that Parker falsely represented to plaintiff that his employer was not a subscriber; that plaintiff acted as a reasonable man in believing such representation and that such reasonable belief

caused him to delay filing his claim and such belief was good cause for his failure to file the claim.

We note at this point that Parker was an employee of Lake Livingston Properties, Inc., and there is no contention that he was acting in any capacity for and on behalf of the compensation carrier, St. Paul.

Upon motion of plaintiff, judgment was entered against St. Paul and Lake Livingston Properties, jointly and severally, for the maximum benefits under the compensation act and the medical expenses found by the jury, some $1,300, the judgment being dated December 15, 1975. However, upon the ex parte motion of Lake Livingston Properties, the court set aside the judgment insofar as it related to that corporation and reaffirmed the judgment against St. Paul, such action having been taken on January 31, 1976.

Plaintiff and the carrier duly perfected their appeals from the judgment and timely and properly requested the preparation of a statement of facts. The court reporter, for reasons never satisfactorily explained, was dilatory in preparing the statement of facts necessitating many extensions of time for the completion of the record.

Finally, under threat of the issuance of a writ of mandamus from this court, the reporter completed the record but did not tender it to any of the counsel in the case. Instead, he certified that it was an accurate transcription of the testimony adduced upon the trial and procured the signature of the trial judge thereon approving the statement of facts. It was then mailed to our clerk who, mistakenly, filed it for record. The statement of facts having been filed under these circumstances on September 27, 1976, counsel for Lake Livingston Properties, appellee, moved on October 20, 1976, to strike the "unauthenticated statement of facts" and for a dismissal of the cause.

We requested reply memoranda from the two appellants in response to appellee's motion to strike but only St. Paul complied, the substance of its reply being that it used all due diligence in procuring the statement of facts (with which we agree) and cited

*Foster v. Buchele,* 213 S.W.2d 738, 740 (Tex. Civ.App.—Ft. Worth 1948, writ ref'd n.r.e.), for the proposition that the court of civil appeals had discretionary authority to permit a return of the record to counsel with additional time to procure its authentication in accordance with the rules. Assuming, *arguendo,* the correctness of the holding in the cited case, it has no applicability here since neither appellant sought any such relief in this court.

In *Roberson Farm Equipment Company v. Hill,* 514 S.W.2d 796, 798–800 (Tex.Civ. App.—Texarkana 1973, writ ref'd n.r.e.), Chief Justice Chadick discussed the rules governing the filing of an unauthenticated statement of facts. In the interest of time and space, we adopt such reasoning and the authorities therein cited so copiously as governing the question in our case.

■ Greene perfected an appeal only as against Lake Livingston Properties; and St. Paul appealed only as against Greene. Thus, while we are required to sustain the motion to strike the statement of facts as to Greene under the rationale of *Roberson Farm Equipment Co.,* supra, we are under no compulsion to enter such an order as between Greene and St. Paul. Greene, having made no objection to the statement of facts, has waived all informalities in the manner of bringing the case to this court. See Tex.R.Civ.P. 404. Cf. *Punch v. Gerlach,* 153 Tex. 39, 263 S.W.2d 770, 771 (1954).

Greene was, as to St. Paul, an appellee; consequently, he has waived the informality in the authentication of the statement of facts as between himself and St. Paul. Cf. *Pacific Fire Ins. Co. v. Smith,* 145 Tex. 482, 199 S.W.2d 486, 487 (1947). See also, *Englander Co. v. Kennedy,* 424 S.W.2d 305, 307 (Tex.Civ.App.—Dallas), writ ref'd n.r.e., 428 S.W.2d 806 (Tex.1968).

■ In our chronological statement of the sequence of events leading up to this appeal, we have alluded to the salient facts which show, as a matter of law, that plaintiff Greene may not recover against the compensation insurance carrier. An examination of the statement of facts reveals the

evidentiary support of such resume. Greene contended that he was injured while on the job as an employee of Lake Livingston Properties and it was shown without dispute that it was a subscriber under the Act with St. Paul as the carrier. Greene hired his first attorney shortly after the accident but he filed a common law damage suit and did not file a claim for workmen's compensation benefits under the Act. This attorney was Greene's agent, and his failure to file the claim is attributable to Greene. *Texas Employers Insurance Ass'n v. Wermske,* 162 Tex. 540, 349 S.W.2d 90, 95 (1961); *Swearingen v. Swearingen,* 487 S.W.2d 784, 787 (Tex.Civ.App.—San Antonio 1972, writ dism'd).

■ From our examination of the record, we are of the opinion that plaintiff Greene failed, as a matter of law, to show the existence of good cause for the failure to timely file his claim for compensation. See *Hawkins v. Safety Casualty Co.,* 146 Tex. 381, 207 S.W.2d 370, 372 (1948); *Texas Employers Insurance Ass'n v. Wermske,* supra.

■ Bad advice from his attorney as to the time for filing of the claim for compensation, does not constitute good cause. *Dillard v. Aetna Insurance Company,* 518 S.W.2d 255, 257 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.).

Greene's judgment against St. Paul is here and now reversed and judgment is rendered that he take nothing against that defendant in the court below.

■ We turn now to Greene's appeal against his employer, Lake Livingston Properties, and find that he has a single point of error assigned:

"The trial court erred in granting the motion to amend [filed by Lake Livingston Properties] because the pleadings, *evidence,* and verdict entitled appellant Greene to judgment against appellee Lake Livingston Properties, Inc." (emphasis supplied)

We are unable to reach the merits of Greene's appeal since we have no authenticated statement of facts available for our use in his appeal as against Lake Livingston

Properties. Again, the disposition of this point of error is to be found in the authorities cited in *Roberson Farm Equipment Company v. Hill,* supra, wherein the court said:

"These points show on their face that the merit of such points may only be determined by resort to the content of the statement of facts. In the absence of a statement of facts, the situation here, these points are not reviewable." (514 S.W.2d at 800, citations omitted)

Therefore, the trial court's judgment denying Greene any recovery against Lake Livingston Properties is affirmed.

Affirmed in part and in part reversed and rendered.

STEPHENSON, J., not participating.